The People of the State of New York, Respondent,
*v*. Ida B. Johnson, Appellant.

(Argued November 26, 1929; decided January 7, 1930.)

*Henry Hirschberg* for appellant. The use of the *ex parte* non-judicial report of the medical examination deprived appellant of the right to confrontation by and cross-

examination of the witness against her — deprived her of an opportunity to establish the falsity of the statements in said report and of due process of law. (*People* v. *Hartnett*, 124 Misc. Rep. 418; *People ex rel. Barone* v. *Fox*, 144 App. Div. 611; 202 N. Y. 616; *People* v. *McCoy*, 45 How. Pr. 216; *People* v. *Hevern*, 127 Misc. Rep. 141; *People* v. *Dennis*, 131 Misc. Rep. 62; *People* v. *Bromich*, 200 N. Y. 385; *State* v. *Height*, 117 Iowa, 651; *Portland* v. *Bangor*, 65 Me. 120.)

*Elmer H. Lemon, District Attorney,* for respondent. The sentence by the recorder was in accordance with statute and proper. (Code Crim. Proc. § 891-a; *People ex rel. Parker* v. *Mother Superior*, 212 App. Div. 169.) No constitutional rights of appellant are involved on this appeal. (*People* v. *Hildebrandt*, 16 Misc. Rep. 195; *People* v. *Fuchs*, 71 Misc. Rep. 67; *People ex rel. Krohn* v. *Thomas*, 133 Misc. Rep. 145; *People* v. *Gitlow*, 234 N. Y. 132.)

POUND, J. Defendant was arrested on April 6, 1929, on a charge of vagrancy under Code of Criminal Procedure, section 887, subdivision 4 (prostitution), tried in the Recorder's Court of the city of Newburgh, found guilty and sentenced under Code of Criminal Procedure, section 891-a, for an indeterminate period, not to exceed three years, in the New York State Reformatory at Bedford.

Section 891-a reads as follows: " Any person convicted in a city of a violation of subdivision four of section eight hundred and eighty-seven of the code of criminal procedure, shall be committed by the court or judge to any reformatory or house of refuge or other correctional institution for a period not to exceed three years or to a county jail, penitentiary or other penal institution for a period not to exceed one year, or placed on probation for a period not to exceed three years, provided, in the case of a person infected with venereal disease, such probations shall be granted only upon such terms and

conditions as shall insure medical treatment of such disease and prevent the spread thereof, and no girl or woman shall be placed on probation except to a woman probation officer where available. The provisions of this subdivision shall not supersede the provisions of chapter six hundred and fifty-nine of the laws of nineteen hundred and ten or any amendment thereto, relating to the commitment of convicted persons." The conviction was proper on the evidence and the sentence was one which the Recorder was authorized to impose. An appeal was taken to the County Court of Orange county by leave of a justice of the Supreme Court. Judgment of conviction was affirmed and an appeal to this court was allowed by a justice of the Appellate Division of the Second Judicial Department.

The appellant seeks to raise the point that the Recorder had before him when he imposed sentence a report of a medical examination made pursuant to Public Health Law article 17-B, sections 343-m and 343-n (Cons. Laws, ch. 45), which revealed the fact that she was suffering from an infectious venereal disease; that he was influenced by such certificate in finding defendant guilty and in imposing sentence, and that her constitutional rights were thereby invaded.

The material sections of the Public Health Law read as follows:

" § 343-m. Suspected persons. Whenever the board of health or health officer of a health district shall have reasonable ground to believe that any person within the jurisdiction of such board or health officer is suffering from, or infected with, any infectious venereal disease and is likely to infect or to be the source of infection of any other person, such board of health or health officer shall cause a medical examination to be made of such person, for the purpose of ascertaining whether or not such person is in fact suffering from, or infected with, such disease, and every such person shall submit to such

examination and permit such specimens of blood or bodily discharges to be taken for laboratory examinations as may be necessary to establish the presence or absence of such disease or infection, and such person may be detained until the results of such examinations are known, provided, that the required examination shall be made by the health officer, or, at the option of the person to be examined, by a licensed physician who, in the opinion of the health officer, is qualified for this work and is approved by him, and such licensed physician making such examination shall report thereon to the board of health, health department or health officer, but shall not issue a certificate of freedom from venereal disease to or for the person examined. Such suspected person may apply to a magistrate for an order restraining such examination and no examination shall then be made except upon order of such magistrate. Before such examination each suspected person shall be informed of this right and be given an opportunity to avail himself or herself thereof.

" § 343-n. Persons under arrest. Every person arrested for vagrancy as defined under subdivisions three or four of section eight hundred and eighty-seven of the code of criminal procedure or under section one hundred and fifty of the tenement house law or under any statute or ordinance for any offense of the nature specified in subdivision four of section eight hundred and eighty-seven of the code of criminal procedure, or arrested charged with a violation of section one thousand one hundred and forty-six or one thousand one hundred and forty-eight of the penal law, or any person arrested for frequenting disorderly houses or houses of prostitution, shall be reported within twenty-four hours by the court or magistrate before whom such person is arraigned to the board of health or health officer of the health district in which the alleged offense occurred, and shall be examined in accordance with the provisions of the preceding section. For purpose of examination and diagnosis as provided in

the preceding section, such person may be detained until the results of such examination are known. No such person if convicted shall be released from the jurisdiction of such court or magistrate until the person so convicted has been examined as provided for in the preceding section.

"§ 343-r. Reports and information confidential. All reports or information secured by a board of health or health officer under the provisions of this article shall be absolutely confidential except in so far as is necessary to carry out the purposes of the article."

It appears from the record that after her arrest defendant was examined pursuant to these sections without protest from her by a licensed physician of her own selection and that on the trial and when sentence was imposed no public reference was made to the report. Defendant's attorney avers that he was ignorant of its existence. He is, however, chargeable with knowledge of the law which required such examination and report to be made and by failure to raise any objection to the use of the report by the magistrate, defendant must be deemed to have waived any objection thereto.

But even if the point is before us, the conviction must be affirmed. The report was in the nature of information laid before the court by a probation officer prior to sentence, under Code of Criminal Procedure, section 931, which reads as follows: "Probation officers when directed by the court shall fully investigate and report to the court in writing on the circumstances of the offense, criminal record and social history of a defendant. Whenever desirable and facilities exist therefor they shall also obtain a physical, mental and psychiatric examination of such defendant and report thereon to the court prior to sentence. Such investigations and reports shall be made promptly. The court shall have such information before it prior to sentence," and is supplemented by Code of Criminal Procedure, section 939, which reads as follows: "The courts are charged with the duty, in co-operation with the proper

fiscal authorities, to provide when practicable clinical facilities, and to adopt necessary rules for the use thereof, for such physical, mental and psychiatric examinations and reports as may be within the required scope of efficient probation investigation and supervision."

It would indeed be a staggering blow to the probation system to hold that the information collected by probation officers to guide the court in its effort to make the punishment fit the offense and the offender' was improperly before it.

When it is said in section 343-r (*supra*) that such reports are confidential " except in so far as is necessary to carry out the purposes of the article " it is not to be inferred that the court should not, on demand, reveal to the defendant the contents of such a report and permit her on an application to be placed on probation, to controvert the same if she so desired, but on the whole the report is merely a method of enlightening the court as to the physical condition of an accused person so that the community may be to some extent protected from the menace of infectious venereal disease, the consequences of which sometimes fall upon innocent men, women and children, who may acquire such disease or its *sequelæ* without personal misconduct. The power of the State to stamp out infectious disease upholds compulsory vaccination laws (*Jacobson* v. *Massachusetts*, 197 U. S. 11) and quarantine laws. Laws for the sexual sterilization of the hopelessly insane or idiotic have been upheld to prevent the procreation of socially inadequate offspring. (*Buck* v. *Bell*, 274 U. S. 200.) The same principle sustains the law in question here. Mistakes may be made but if the medical examination and subsequent treatment are properly safeguarded, the regulation is one for the protection of the public health and the public safety, " confessedly endangered by the presence of a dangerous disease." (*Jacobson* v. *Massachusetts, supra.*)

So far as this defendant is concerned, the only legal

effect of the statute on her is that she may be placed on probation " only upon such terms and conditions as shall insure medical treatment of such disease and prevent the spread thereof." (Code Crim. Proc., § 891-a.) All else was in the discretion of the magistrate. In other words, an infected prostitute is not on conviction to be turned loose on the community without proper safeguards to prevent the distribution of disease not to her patrons alone but also potentially to wives and unborn offspring. The liberty of the defendant has not been otherwise invaded by the use of the report.

The decision of this court in *People ex rel. Barone* v. *Fox* (202 N. Y. 616, decided on dissenting opinion of CLARK, J., 144 App. Div. 611, 621) is relied on as being in conflict with this holding but the point there upheld was entirely different. The case came up on habeas corpus proceedings. The court held that an unlawful sentence had been imposed on a convicted prostitute. The defendant had been committed to a public hospital for treatment under a mandatory statute. The fundamental defect in the statute was that it made the term and nature of imprisonment depend upon a fact found out of court by a non-judicial officer. No such defect is found in this statute. The magistrate has, under Code of Criminal Procedure, section 891-a, a wide latitude in imposing sentence. He is not required to impose a specific sentence depending upon the condition of the woman's health. No one has a constitutional right to be placed on probation. For all that appears defendant's sentence might have been the same if she had been found free from infection. We may not review the discretion of the magistrate and hold that the sentence was unduly severe as matter of law.

The judgment should be affirmed.

CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CARDOZO, Ch. J., not sitting.

Judgment affirmed.