THE PEOPLE OF THE STATE OF NEW YORK, Plaintiffs, *v.* CHARLES RODGERS, Defendant.

County Court, Kings County, February 23, 1940.

*William O'Dwyer, District Attorney*, for the plaintiff.

*Caesar B. F. Barra*, for the defendant.

TAYLOR, J. The defendant moves for modification of sentence by striking out additional ten years for committing a felony while armed with a revolver.

The defendant was convicted by his own plea of guilty of assault, first degree. He was later arraigned as a second felony offender and stood mute. Instead of remanding him for trial on the second offender charge, the court, for reasons deemed expedient, sentenced him to the flat statutory term of ten years, subject to the district attorney's right to recall him for a hearing under section 1943 of the Penal Law. That this may be done without such hearing is the settled law in this State. At the same time the court, having before it the probation department report on the case, as provided by section 2188 of the Penal Law, imposed an additional ten years for committing the crime while armed with a revolver. That report is properly a record on any appeal that may be taken from this decision.

The clerk's minutes contain the following: " The court further finds, upon investigation, that the assault in the first degree herein was committed with a loaded revolver."

No appeal was taken. About ten years have since elapsed. If the defendant is right in his contention, he will have to be returned to the court for a hearing on the gun question. If the procedure heretofore followed be sufficient on this point, the additional procedure is superfluous, and creates an escape hazard which should if possible be avoided.

The record of proceedings at time of sentence shows that the court made its gun finding from the probation department report on that feature of the case. This was in open court. Neither the defendant nor his counsel objected to the finding being based on the report, or demanded any other hearing or procedure as a basis for such determination. The crime had been committed by the defendant discharging a revolver point blank at a police officer, at such close

range as to make the officer's escape seem miraculous. The court holds upon this motion that the open court procedure upon sentence constituted a waiver by the defendant of such if any right as might otherwise exist, to have the gun hearing in open court.

In *People* v. *Johnson* (252 N. Y. 387) the Recorder's Court of the City of Newburgh sentenced a vagrant to Bedford Reformatory, having before it a report on medical examination showing infectious disease, and that as this may have influenced the decision and judgment, the defendant's constitutional rights were thereby invaded. The Court of Appeals held that the defendant, by failure to raise any objection to the use of the report by the court, must be deemed to have waived any objection thereto (p. 391). (See, also, *Phyfe* v. *Eimer*, 45 N. Y. 102.)

The defendant also raises the question of merger of the crime of committing a felony while armed with a revolver with the crime of assault. The law is settled that there is no merger. The authorities which are urged to the contrary have application to merger of felonious assault with concomitant homicide. That is all one crime. A homicide cannot be viewed as a felony murder simply because it is the outcome of an assault which might have fallen short of accomplishing its desired objective. The crime of assault, first degree, however (*i. e.*, unsuccessful attempt at homicide), may be committed either with or without a weapon. If the crime is committed with a weapon, an additional term of imprisonment under section 1944 of the Penal Law, as that section stood when judgment in this case was pronounced, is required.

In fairness to the defendant, it must be said that at the time of argument of this motion the court was in error in stating a recollection of the defendant's having at one time escaped from the Kings County Hospital Observation Ward. In that respect the defendant, known as " Bum " Rodgers, was confused with another defendant known as " Two Gun " Bishop. .

The motion is denied.