Keating, J.
The appellants and two others were indicted for robbery in the first degree and assault in the second degree. After withdrawing previously entered pleas of not guilty, they pleaded guilty to robbery in the third degree to cover all counts of the indictment and subsequently'appeared for sentencing on March 30, 1964, both represented "by the same attorney.
*232 Appellant Morrison was arraigned first. After admitting identity as a prior felony offender, Ms attorney entered a plea for leniency during the course of which he stated to the court, “ In this matter no one was hurt ”. Based on the presentencing report, the court disagreed, indicated that appellants had roughed up the cab driver involved, beat up another man for no apparent reason, and were about to enter another cab presumably, said the court, for the purpose of holding up another cab driver. Morrison’s counsel stated that it was unfair to infer that another robbery was about to take place, but the court stated that it drew that inference from the facts and Morrison was thereupon sentenced to 7% to 15 years’ imprisonment as a second felony offender.
When appellant Peace was arraigned next, counsel asked for leave to withdraw the guilty plea on the ground that the plea, when taken, did not encompass the facts as stated by the court on the sentencing of Morrison. That is, Peace denied beating up another man. The court answered: “ This is what the Probation Department says. Whether that happened or didn’t happen hasn’t anything to do with the plea which he took. This was something that happened after they were finished with the robbery; it had nothing to do with it. This is what the probation report says, and I wasn’t there. I don’t know whether it is true or false. I am not going to pass on it.”
Thereafter, the motion to withdraw the guilty plea was denied, as was counsel’s motion for a copy of the probation report on behalf of each appellant, and Peace was sentenced to 7% to 15 years’ imprisonment as an admitted second felony offender.
The question thus presented is whether a defendant in a criminal trial has an absolute right, upon request, to receive a copy of the probation report prepared for use of the sentencing court pursuant to section 931 of the Code of Criminal Procedure.
The landmark case in this area is Williams v. New York (337 U. S. 241, affg. 298 N. Y. 803). In Williams, the appellant had been found guilty of murder in the first degree and sentenced to death notwithstanding the jury’s recommendation that a life sentence be imposed. The Supreme Court held that due process of law was not denied the appellant by the trial court’s use of a probation report “.based upon information supplied by witnesses with whom the accused had not been confronted and as *233 to whom he had no opportunity for cross-examination or rebuttal”. (337 U. S. 241, 243.)
Significantly, the Supreme Court referred to statements made by the trial court relating to ‘(appellant’s background which though relevant to the question of punishment ’ ’ were not relevant to the question of guilt, appellant’s “ thirty other burglaries in and about the same vicinity none of which were based on convictions, appellant’s “morbid sexuality” and appellant’s classification by the probation report as a “ menace to society.”
Strictly speaking, the Supreme Court held only that the use of hearsay probation reports for purposes of aiding the discretion of the sentencing court did not constitute a denial of due process. Implicit in the court’s ruling, however, is the unmistakable recognition of a practice 'which denies a defendant the right to confront and cross-examine those who supply the critical information upon which the report is based. To this extent, at least, there is a crucial distinction drawn between the due process rights of a defendant at the time of trial and at the time of imposing sentence. Thus, the court said: “ We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to "cross-examination. And the modern probation report draws on information concerning every aspect of a defendant’s life. The type and extent of this information make totally impractical if not impossible open court testimony with cross-examination. Such a procedure could endlessly delay criminal administration in a retrial of collateral issues.” (337 U. S. 241, 250, supra.)
To the extent that confrontation and cross-examination are denied, there is a very real denial of the right to controvert what is said in the report and thus, to a significant degree, any value in affording a defendant access to the report itself is successfully thwarted.
The practice in the Federal courts which operate under a statute substantially similar.to New York’s (Federal Rules Crim. Pro., rule 32, subd. [e]) is to make access to the probation report discretionary with the sentencing court. (For a summary tabulation of judicial practice in this area, see 28 Albany L. Rev. 12, 14-15 [1964]; see, also, 58 Col. L. Rev. 702, 713-714 [1958].) *234 This practice, which heretofore existed in the absence of statute or rule, now finds approval in the recent promulgation of rule 32 (subd. [c], par. [2]) of the Federal Rules of Criminal Procedure (see 1966 U. S. Code Congressional & Administrative News, 967-968, Douglas, J., dissenting) which makes the disclosure of presentence investigation reports clearly discretionary.
The appellants rely on Townsend v. Burke (334 U. S. 736 [1947]); People v. Johnson (252 N. Y. 387 [1930]), and the recent ease of Kent v. United States (383 U. S. 541) to support their asserted right to the probation reports. These cases are not in point.
In People v. Johnson (supra) the appellant contended that her constitutional rights were violated when the court had before it a medical report concerning venereal disease and that it was influenced by the report in determining guilt and in imposing sentence. The report, we noted (p. 391), was in the nature of a probation report, and was explicitly required to be kept “ absolutely confidential except in so far as is necessary to carry out the purpose of the article.” In the course'of our opinion affirming the conviction on the ground that the defendant waived any objection to the court’s use of the medical report and that such use was proper in any event, we said: “ [I]t is not to be inferred that the court should not, on demand, reveal to the defendant the contents of such a report and permit her on an application to be placed on probation, to controvert the same if she so desired, but on the whole the report is merely a method of enlightening the court as to the physical condition of an accused person so that the community may be to some extent protected from the menace of infectious venereal disease ”. (252 N. Y. 387, 392.)
However, there is a crucial distinction between this dictum and the question now before us. Confidentiality in People v. Johnson is predicated on the desire to keep the defendant’s medical history from those who have no legitimate interest in it. But this, of course, excludes the defendant who is vitally interested in her medical condition and who is, under the statute, entitled to select the examining physician.
One of the primary reasons for denying a defendant access to a probation report, the desire to protect those who give such information and to make the same more accessible, is totally *235 absent in such a situation. It .is obviously present in many presentencing probation reports.
Townsend v. Burke (334 U. S. 736 [1948]) which was cited with approval in Williams v. New York (337 U. S. 241, 252, n. 18, supra) for the proposition that the sentencing procedure is not immune from scrutiny under the due process clause ruled only that sentence imposed on a defendant not then represented by counsel could be attacked where the sentencing Judge recited three prior convictions which were not sustained by the record. Terming the trial court’s “ facetjousness ” either “ foul play ” or “carelessness”, the court said: “We believe that on the record before us, it is evident that this uncounseled defendant was either overreached by the prosecution’s submission of misinformation to the court or was prejudiced by the court’s own misreading of the record.” (334 U. S., p. 740.) The case clearly involves right to counsel at a time when the absence of counsel in noncapital cases constituted a denial of due process only upon a showing of overreaching or prejudice (Bute v. Illinois, 333 U. S. 640). There is no showing that the misinformation was received from a probation report. To the extent that the case is significant, its significance lies in pointing up the fact that errors in probation reports can occur. This, of course, is the heart of appellants’ contention.
Kent v. United States (supra), also relied upon by appellants, involved the statutory requirement that a “ full investigation ” be held before a Juvenile Court Judge for the District of Columbia could decide to waive the Juvenile Court’s exclusive jurisdiction over the 16-year-old petitioner in favor of the criminal jurisdiction of the District Court for the District of Columbia. The Juvenile Court waived jurisdiction without a hearing over objection by petitioner’s counsel. •
The latter contended that the waiver was also defective because (1) no findings were made by the Juvenile Court, (2) no reasons were given for the waiver, and (3) “ counsel was denied access to the Social Service file which presumably was considered by the Juvenile Court in determining to waive jurisdiction ” (383 U. S. 541, 552, supra). The Supreme Court agreed in full.
Terming the “waiver” decision critically important, the court held that a hearing was required and that petitioner’s counsel was entitled to the probation records and similar reports. *236 (See, also, Watkins v. United States, 343 F. 2d 278 [C. A., D. C. Cir., 1964].) Here too, however, a statute is involved providing for the confidentiality of such records except that the records “shall be made available * * * to such persons * * * as have a legitimate interest in the protection * * * of the child
There is language in the Kent opinion which commends itself to the view that such reports and recommendations should be made available for inspection by counsel. Nonetheless, the Supreme Court’s recent promulgation of rule 32 (subd. [c], par. [2]) of the Federal Rules of Criminal Procedure as well as the distinctions which exist between a waiver hearing for a juvenile pretrial and a presentencing report for a convicted criminal posttrial preclude placing reliance on the Kent case as controlling here.
A number of States require disclosure, either by statute (see Cal. Penal Code, § 1204; contra, Ohio Rev. Code, § 2947.06) or by judicial decision (see State v. Harmon, 147 Conn. 125 [1960]; Driver v. State, 201 Md. 25 [1952]; Matter of Fowler, 49 Mich. 234 [1882]; see, generally, 28 Albany L. Rev. 12). New Jersey and Delaware deny a defendant access to the presentencing report. (See State v. Benes, 16 N. J. 389 [per Brennan, J., 1954]; State v. Pohlabel, 61 N. J. Super. 242 [N. J. Super. Ct., 1960]; State v. Moore, 49 Del. 29 [Super. Ct., 1954].)
The problem, basically, is one of balancing the benefit derived from a confidential report and its presumably greater access to sources of information, protection of informants, and prevention of long collateral disputes, with the possibility that an erroneous report will influence the court in the sentence which it imposes.
A number of circumstances influence our preference for the rule leaving such disclosure in the trial court’s discretion.
First, a probation report is not prepared by an adversary. As the Supreme Court said in the Williams case: “Under the practice of individualizing punishments, investigational techniques have been given an important role. Probation workers making reports of their investigations have not been trained to prosecute but to aid offenders. Their reports have been given a high value by conscientious judges who want to sentence persons on the best available information rather than on guesswork and inadequate information” (337 U. S. 241, 249, supra). This, of *237 course, takes from the report any tendency to shade or color the facts, such as might be present in an adversary proceeding..
Second, the sentencing’ court is fully aware of the hearsay nature of a probation report and undoubtedly gives that factor full consideration. Absent the defendant’s right to confront and cross-examine those who supply what is often obviously subjective matter (see Williams v. New York, supra), almost all value otherwise attributable to affording a defendant access to such a report is thereby dissipated and, of course, permitting trial of such collateral issues would be “ impractical if not impossible ” (Williams v. New York, supra, p. 250).
Finally, it is significant that a defendant is entitled to address the court in person or through his attorney prior to sentencing, and, whether by character reference or otherwise, is entitled to bring out those factors which he thinks should influence the court in imposing sentence. Patent conflicts will thereby, at the least, be brought to the attention of the court, which may pursue the matter further or not in its discretion.
To require the court to permit examination and controversy over each part of a probation report would, in large part, defeat the very purpose of the report by extending the process to the point at which it is no longer a practical tool for the court’s guidance in the exercise of its discretion.
Upon the whole, it is preferable to allow a defendant’s access to a probation report to remain a matter for the discretion of the trial court upon all the facts and circumstances of the particular ease before it. In the end, a rule requiring compulsory disclosure might work more to a defendant’s prejudice than to his benefit.
The judgments should be affirmed-
Chief Judge Desmond and Judges Fold, Vast Vookhis, Burke, Soileppx and Bergan concur.
Judgments affirmed.