COMMONWEALTH *vs.* EDWARD MARTIN.

Suffolk.   December 2, 1968. — February 4, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Practice, Criminal,* Probation report, Sentence, Assistance of counsel, Judicial discretion. *Constitutional Law,* Assistance of counsel.

One convicted of a crime is not entitled as of right by G. L. c. 276, § 100, to examine before sentence a probation report presented to the court under § 100 and containing "information about the defendant gathered by the probation department from the defendant himself, former employers of the defendant and others." [298]

The constitutional right of a defendant convicted of a crime to have counsel at the sentencing does not include the right to examine before the sentencing a probation report concerning the defendant presented to the court under G. L. c. 276, § 100. [301] WHITTEMORE, J., dissenting.

Whether, before a defendant convicted in a criminal prosecution is sentenced, a probation report presented to the court under G. L. c. 276, § 100, should be disclosed to the defendant rests in the discretion of the court, and such discretion should be exercised in accordance with the principles stated in *United States* v. *Fischer,* 381 F. 2d 509, 512–513. [302–304] WHITTEMORE, J., dissenting.

INDICTMENT found and returned in the Superior Court on March 8, 1968.

The defendant alleged an exception to a ruling by *Beaudreau,* J.

*Reuben Goodman* for the defendant.

*Newman A. Flanagan,* Assistant District Attorney (*Richard E. Rafferty,* Legal Assistant to the District Attorney, with him), for the Commonwealth.

SPALDING, J. The defendant was convicted under an indictment charging unarmed robbery. On disposition the judge examined the probation report consisting of two parts, which will hereinafter be referred to as part one and part two. Part one contained the defendant's criminal record; part two contained "information about the defendant gathered by the probation department from the defendant himself, former employers of the defendant and others." Counsel for the defendant asked that he be allowed to examine the entire probation report. The judge permitted counsel to examine part one but did not permit an examination of part two. This ruling, to which the defendant excepted, presents the sole question for decision. The judge imposed a sentence of not less than four and not more than twelve years in the Correctional Institution at Walpole.

The defendant argues that he was entitled to examine the entire report under (1) the Massachusetts statutory provisions, (2) the Sixth and Fourteenth Amendments to the Constitution of the United States and art. 12 of our Declaration of Rights, or (3) the requirements of "the proper administration of criminal justice."

General Laws c. 276, § 85, provides in part that a probation officer in the case of a criminal prosecution charging an offence punishable by imprisonment for more than a year shall "present to the court such information as the commissioner of probation has in his possession relative to prior criminal prosecutions, if any, of such person and to the disposition of each such prosecution, and all other available information relative thereto . . . before disposition of the case against him by sentence, or placing on file or probation." Under G. L. c. 279, § 4A, the court is under a corresponding duty to "obtain from its probation officer all available information relative to prior criminal prosecutions, if any, of the defendant and to the disposition of each such prosecution." While §§ 85 and 4A speak in terms of "the court" receiving the information, the practice apparently has been, as in the case at bar, to allow the defendant to see the report (part one here) relating to his prior prosecutions.

Another statute of significance concerning probation records is G. L. c. 276, § 100, which provides in part that under the direction of the commissioner of probation "a record shall be kept of all such cases as the commissioner may require for the information of the justices and the probation officers." Presumably it is this section which constitutes the basis for the portion of the report (part two) that contained information gathered from the defendant, his former employers, and others. But § 100, unlike § 85 and § 4A, provides, "The information so obtained and recorded shall not be regarded as public records and shall not be open for public inspection but shall be accessible to the justices and probation officers of the courts, to the police commissioner for the city of Boston, to all chiefs of police and city marshals, and to such departments of the state and local governments as the commissioner may determine." Whether the defendant has a right to see the entire report either under or apart from the statute is a question that this court has never been called upon to decide. It is to be noted, however, that such right is not specifically granted by the statute.

Approximately one month after the imposition of sentence, the Legislature enacted St. 1968, c. 333, which amended both § 85 and § 4A to provide that prior to disposition the "record of the probation officer shall be made available to the defendant and his counsel for inspection." Counsel for the defendant urges that since this statute became operative before the case was entered in this court the defendant is entitled to the benefit of it within the principle enunciated in *Commonwealth* v. *Spofford,* 343 Mass. 703, 707. But we do not reach that question. The part of the report in question here is the portion covered by § 100, which the 1968 statute did not amend. We conclude, therefore, that there was no statutory requirement that the defendant be furnished with part two of the report.

We now turn to the argument that art. 12 of the Declaration of Rights and the Sixth and Fourteenth Amendments to the Constitution of the United States require that the defendant be allowed to examine the entire report.

In *Williams* v. *New York*, 337 U. S. 241, the judge in imposing sentence had, pursuant to statute, relied in part on information obtained through the court's probation officer. The contention was made that this was offensive to the due process clause of the Fourteenth Amendment " 'in that the sentence of death was based upon information supplied by witnesses with whom the accused had not been confronted and as to whom he had no opportunity for cross-examination or rebuttal . . . .' " Page 243 (quoting from *New York* v. *Williams*, 298 N. Y. 803, 804). It was held that once the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court, but may, consistently with the Due Process Clause of the Fourteenth Amendment, consider responsible unsworn or out-of-court information. See *Williams* v. *Oklahoma*, 358 U. S. 576, 584.

*Williams* v. *New York*, *supra*, is sometimes cited for the proposition that a defendant has no constitutional right to see a presentence report. See, e.g., Advisory Committee's Note to Rule 32, 39 F. R. D. 69, 193. But that issue was not decided in the *Williams* case. Rather the court dealt with the issue of whether the sentencing judge could rely on unsworn or out-of-court information furnished him by the probation officer in determining the sentence to be imposed. See *Williams* v. *Oklahoma, supra,* and *Specht* v. *Patterson*, 386 U. S. 605, 606. The court in *Williams* v. *New York* observed, however (fn. 18 at p. 252), "What we have said is not to be accepted as a holding that the sentencing procedure is immune from scrutiny under the due process clause. See *Townsend* v. *Burke*, 334 U. S. 736." After stating that a sentencing judge does not have to observe all the procedural limitations that would apply at the trial, the court reasoned: "We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in

open court by witnesses subject to cross-examination. . . .
Such a procedure could endlessly delay criminal adminis-
tration in a retrial of collateral issues" (p. 250).

The defendant in effect concedes that in view of *Williams* v.
*New York, supra,* the right of confrontation secured by the
Sixth Amendment and by art. 12 of our Declaration of
Rights does not apply to the procedure at sentencing. He
argues, however, that the right to counsel guaranteed by
the Sixth Amendment, as applied to the States by the
Fourteenth Amendment, requires that the presentence
report be disclosed. That there is a right to counsel at the
sentencing stage of a case is established by decisions both
of this court and the Supreme Court of the United States.
*Williams* v. *Commonwealth,* 350 Mass. 732, 736. *Croteau,
petitioner,* 353 Mass. 736, 738. *Townsend* v. *Burke,* 334
U. S. 736. *Mempa* v. *Rhay,* 389 U. S. 128. Thus, it is
argued, in order that this right be exercised effectively
counsel should have access to the presentence report. In
support of this contention reliance is placed on *Kent* v.
*United States,* 383 U. S. 541. There the Juvenile Court
judge waived jurisdiction and directed that the defendant
be held for trial in the Federal District Court. The judge's
decision appears to have been based in part on a report by
the Juvenile Probation Section and the Social Service file,
neither of which was made available to counsel. The court
said, "[W]e conclude that, as a condition to a valid waiver
order, petitioner was entitled to a hearing, including access
by his counsel to the social records and probation or similar
reports which presumably are considered by the court,
and to a statement of reasons for the Juvenile Court's
decision. We believe that this result is required by the
statute read in the context of constitutional principles
relating to due process and the assistance of counsel." P. 557.
Later the court said, "There is no irrebuttable presumption
of accuracy attached to staff reports. If a decision on
waiver is 'critically important' it is equally of 'critical
importance' that the material submitted to the judge —
which is protected by the statute only against 'indiscrim-

inate' inspection — be subjected, within reasonable limits having regard to the theory of the Juvenile Court Act, to examination, criticism and refutation." P. 563. We do not read the *Kent* case as laying down a constitutional requirement. That decision, as the court in a later opinion pointed out, "turned upon the language of the statute." *In re Gault,* 387 U. S. 1, 12. The District of Columbia Code, § 11–1586 (b) (Supp. IV 1965), directed that files of the sort involved in the *Kent* case "shall be made available . . . to such persons . . . as have a legitimate interest in the protection . . . of the child." The court held that counsel had a "legitimate interest" in the protection of the child, and must be afforded access to the records. Pages 562–563. Our interpretation of the *Kent* case is supported by *Baker* v. *United States,* 388 F. 2d 931 (4th Cir.), and *People* v. *Peace,* 18 N. Y. 2d 230. We hold that the defendant did not have a constitutional right to see part two of the report. *Thompson* v. *United States,* 381 F. 2d 664 (10th Cir.). *Baker* v. *United States,* 388 F. 2d 931 (4th Cir.). *United States* v. *Trigg,* 392 F. 2d 860 (7th Cir.). *State* v. *Delano,* Iowa, .[1] *People* v. *Peace,* 18 N. Y. 2d 230.

Having decided that disclosure to the defendant of part two of the report was neither required by the statute nor by the Constitution, we turn to his argument that the "proper administration of criminal justice" requires disclosure. This presents a serious and difficult question which until recently seems to have received little attention by either courts or commentators. The problem has been succinctly stated by Judge K̟eating in *People* v. *Peace,* 18 N. Y. 2d 230, 236, as "basically . . . one of balancing the benefit derived from a confidential report and its presumably greater access to sources of information, protection of informants, and prevention of long collateral disputes, with the possibility that an erroneous report will influence the court in the sentence which it imposes." The views which have been expressed on this subject are by no means uniform. Some writers have urged that disclosure

[1] 161 N. W. 2d 66.

should rest in the discretion of the judge, as it does under Rule 32 (c) (2) of the Federal Rules of Criminal Procedure. See, e.g., Parsons, The Presentence Investigation Report Must be Preserved as a Confidential Document, 28 Fed. Prob. March 1964, 3.[1]  Others have favored proposals which would provide generally that some disclosure should be made.  A typical proposal is contained in the Am. Law Inst., Model Penal Code, § 7.07 (5) (Proposed Official Draft 1962), which reads: "Before imposing sentence, the Court shall advise the defendant or his counsel of the factual contents and the conclusions of any pre-sentence investigation or psychiatric examination and afford fair opportunity, if the defendant so requests, to controvert them.  The sources of confidential information need not, however, be disclosed." [2]

A number of States allow the defendant, either by statute [3] or by judicial decision,[4] to see or hear the presentence information given to the judge.  In others disclosure ordinarily is denied, or is permitted in the discretion of the court. *People* v. *Peace*, 18 N. Y. 2d 230, 236.  It is thus apparent from the authorities referred to above that whether and to what extent a defendant should be entitled to disclosure is a matter on which there are considerable differences of opinion.  On balance we prefer the view that disclosure of information contained in a report under G. L. c. 276, § 100, rests in the discretion of the court.  As the New York Court of Appeals observed in *People* v. *Peace*, 18 N. Y. 2d

[1] For a collection of articles on the subject, see A. B. A. Standards, Sentencing Alternatives and Procedures, 214–215 (Tent. Draft December, 1967). See also Note, Procedural Due Process at Judicial Sentencing for Felony, 81 Harv. L. Rev. 821.

[2] For other proposals see A. B. A. Standards, *supra*, § 4.4; Model Sentencing Act, § 4; and the President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society (1967) 145.

[3] Ala. Code, Tit. 42, § 23 (1940).  Cal. Penal Code, § 1203.01 (1968 Supp.). Idaho Code, § 19–2601, as construed in *State* v. *Grady*, 89 Idaho, 204. Minn. Crim. Code, § 609.115 (4) (1964) (confidential sources need not be disclosed).  Okla. Sts., Tit. 22, § 974 (1961).  Utah Code Ann., § 77–35–13 (1953).  Va. Code Ann., § 53–278.1 (1967).

[4] *State* v. *Harmon*, 147 Conn. 125.  *State* v. *Pope*, 257 N. C. 326.  *State* v. *Simms*, 131 S. C. 422.

230, 236–237, a "probation report is not prepared by an adversary. . . . 'Under the practice of individualizing punishments, investigational techniques have been given an important role. Probation workers making reports of their investigations have not been trained to prosecute but to aid offenders. Their reports have been given a high value by conscientious judges who want to sentence persons on the best available information rather than on guesswork and inadequate information.' [*Williams* v. *New York*] (337 U. S. 241, 249). This, of course, takes from the report any tendency to shade or color the facts, such as might be present in an adversary proceeding."

But in holding that disclosure under G. L. c. 276, § 100, is discretionary, we think that a word should be said concerning the exercise of such discretion. Construing Rule 32 (c) (2) of the Federal Rules of Criminal Procedure (under which disclosure is discretionary) the Court of Appeals for the Second Circuit recently said in *United States* v. *Fischer*, 381 F. 2d 509, at pages 512–513, "The foregoing discussion, however, should not be construed to imply that the authority granted the sentencing judge in the amended Rule 32 (c) to disclose material in the presentence investigation report and to give the defendant or his counsel an opportunity to comment on it should be exercised conservatively and in a niggardly fashion. On the contrary, the administration of justice would be improved by a liberal and generous use of the power to disclose. The main consideration against full disclosure is the prospect that the revelation of certain material given the probation officer in confidence, would result in the destruction of the sources of such material and its availability — a consequence which would be highly prejudicial to the difficult task of imposing a proper sentence. But where the material in no wise relates to such a confidential declaration, there would appear to be little reason not to disclose what has been reported to the sentencing judge. This is a matter, however, which must rest in his sound discretion." With these views we agree and they should henceforth be the

guiding principles in determining whether to grant or with-hold disclosure under § 100.

The fact that the judge, in the exercise of his discretion, denied the defendant access to part two of the probation report reveals no error of law and the entry must be

*Exceptions overruled.*

WHITTEMORE, J., dissenting. I think the right to have counsel at the sentencing includes the right to have counsel informed of the contents of the probation records and would follow the rule suggested in Model Penal Code (Am. Law Inst.) set out in the opinion.