Ernest L. Colucci, J.
There has been recent legislation passed relative to disclosure of the presentence report, CPL 390.50 (subd 2) (L 1975, ch 310) which became effective September 1, 1975 and reads as follows: Presentence report; disclosure; general principles. The presentence report or memorandum shall be made available by the court for examination by the defendant’s attorney, or the defendant himself, if he has no attorney, in which event the prosecutor shall also be permitted to examine the report or memoranda. In its discretion, the court may except from disclosure a part or parts of the report or memoranda which are not relevant to a proper sentence, or a diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which have been obtained on a promise of confidentiality, or any other portion thereof, disclosure of which would not be in the interest of justice. In all cases where a part or parts of the report or memoranda are not disclosed, the court shall state for the record that a part or parts of the report or memoranda have been excepted and the reasons for its action. The action of the court excepting information from disclosure shall be subject to appellate review.
This court has been asked to furnish to the defendant’s attorney a presentence report which this court refuses to do on the ground that the legislation enacted is unconstitutional and unwarranted.
At the outset, this is not a constitutional right, liberty or guarantee which is afforded to a defendant in a criminal proceeding. The presumption of innocence has long since been removed. The defendant has either been found guilty or has plead guilty, the court has asked for a probation department report which is something that has always been confidential and sacrosanct to the court in making proper disposition on sentence of a defendant. The confidentiality of that report was always regarded very highly and the authority for confidentiality was reflected in:
New York State — People v Peace (18 NY2d 230).
Supreme Court— Williams v New York (337 US 241). Also Specht v Patterson (386 US 605).
Code of Criminal Procedure — subdivision 2 of section 931.
This is a confidential right of a Judge which is being taken away and being afforded to a defendant. Assume for the sake of argument that the Judge receives confidential mail relative to the defendant; must this also be revealed? Assuming too, *890 that the court furnishes the information to the defendant and that the defendant challenges the veracity of it. (1) Must there be a hearing? (2) What is the burden of proof? Is it by a fair preponderance of evidence? Is it beyond the reasonable doubt?. Is it by clear and convincing proof and who has the burden, the probation department, the court, the prosecutor or the defendant?
Assuming that the court imposes sentence, must that sentence be stayed pending the court’s refusal to grant disclosure and while it is subject to appellate review? How ridiculous have we become? Does this aid and abet the speedy disposition of cases? At whose instance was this legislation passed, the courts or the criminals?
This court is mindful of all the constitutional rights and guarantees of a defendant but is also zealous of the court’s right in cases where the defendant is not entitled to be given information that has no bearing on his innocence or guilt but is a confidential matter belonging to the court alone. For all of the reasons above stated, the court respectfully denies the disclosure of presentence or memoranda or any part thereof and does not feel that it should be required. To state for the record that a part or parts of a report or memorandum have been excepted and the reasons for the court’s actions which is all subject to appellate review is also the taking up of additional valuable time which has no bearing on defendant’s innocence or guilt.