*165 OPINION OF THE COURT
Elliott Golden, J.
Based upon negotiated pleas resulting in two misdemeanor convictions, this defendant is now awaiting sentence. He faces the possible imposition of up to one-year imprisonment on each conviction.
Pursuant to CPL 390.40 defendant’s counsel has offered to the court a certain statement or memorandum in aid of sentence, preconditioning its acceptance upon this court’s agreement not to disclose its contents to the prosecutor nor to the Department of Probation, and further that it thereafter be sealed.
In response, the District Attorney has submitted a brief contending that such memorandum is, by its nature, adversarial and consequently subject to disclosure, citing People v Perry (36 NY2d 114) and People v Peace (18 NY2d 230) and, in addition, that the statutory scheme (CPL art 390) "suggests” that the prosecution is entitled to such disclosure, without the exception of any portion thereof.
Before receiving defendant’s presentence memorandum, the court questioned the propriety and its authority to accept and presumably impose sentence based, in part at least, upon such statement or memorandum, as so preconditioned, in the light of the applicable statutes and their rationale.
In analyzing CPL article 390 relative to presentence reports, insofar as it is applicable to this case, it is clear that such a report is mandatory (CPL 390.20, subd 2) and moreover "not solely for the protection of the defendant [Such report] is designed to make the sentence more meaningful for the protection of the public, as well * * * And * * * for the criminal justice process, for the correctional process and society rather than [merely] for the convenience of the court, the prosecutor and the defendant”. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 390.20, p 117.)
Moreover, after having established the public’s interest in the sentencing process and after having provided for the scope of such investigation and report (CPL 390.30), the statutes go on to say that the defendant may, as his counsel seeks to do herein, file a memorandum with the court containing information analogous to that in the presentence report, presumably favorable to the defendant, with or without supporting docu *166 mentation, to the end that the court may "confirm [such] favorable data and * * * resolve [any] conflicts between the defendant’s presentation and [any] other data the court has received” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 390.40, pp 122-123). In addition, CPL 400.10 authorizes a presentence conference at which "the prosecutor * * * must be afforded an opportunity to participate” (emphasis supplied) in order to "(a) resolve any discrepancies between the pre-sentence report, or other information the court has received, and the defendant’s pre-sentence memorandum submitted pursuant to section 390.40, or (b) assist the court in its consideration of any matter relevant to the sentence to be pronounced”; thus, in essence, providing that, after guaranteeing the prosecutor, the defendant and his counsel an opportunity to address the court (CPL 380.50), the probation report considered in tandem with the defendant’s memorandum shall constitute the basic record upon which the sentence shall be based.
Prior to the 1975 amendment of CPL 390.50, the disclosure of the presentence report or memorandum was narrowly proscribed and did not mandate disclosure to either the defendant or the prosecutor. The argument advanced for its confidentiality relied mainly on the protection of informants and the prevention of long collateral disputes (People v Peace, 18 NY2d 230). However, by chapter 310 of the Laws of 1975, effective September 1, 1975, CPL 390.50 governing the confidentiality of presentence reports and memoranda was substantially amended to require that a presentence report or memorandum be made available by the court to both the defendant and the prosecutor, except for certain discretionary exceptions specifically provided for therein.
CPL 390.50 (subd 2) now provides: "Presentence report; disclosure; general principles. The presentence report or memorandum shall be made available by the court for examination by the defendant’s attorney, or the defendant himself, if he has no attorney, in which event the prosecutor shall also be permitted to examine the report or memoranda. In its discretion, the court may except from disclosure a part or parts of the report or memoranda which are not relevant to a proper sentence, or a diagnostic opinion which might seriously disrupt a program of rehabilitation or sources of information which have been obtained on a promise of confidentiality, or any other portion thereof, disclosure of which would not be in *167 the interest of justice. In all cases where a part or parts of the report or memoranda are not disclosed, the court shall state for the record that a part or parts of the report or memoranda have been excepted and the reasons for its action. The action of the court excepting information from disclosure shall be subject to appellate review.”
A reading of the provisions of CPL 390.50 (subd 2) provides answers to several of the contentions of both the prosecutor and defense counsel, and together with CPL 400.10 furnishes to the court the framework upon which it may structure its sentencing.
"The essence of the statutory codification is that a presentence report or [defendant’s] memorandum must be made available by a court to defendant or his counsel [and to the prosecutor] for examination with a list of discretionary exceptions.” (Bellacosa, Supplementary Practice Commentaries, 1975, McKinney’s Cons Laws of NY, Book 11 A, CPL 390.50, p 33, 1977-1978 Pocket Part). While a technical drafting difficulty appears in the amendment, it is clear that the intent of the statute, and good sense requires that the prosecutor must be permitted to examine the report or memorandum, subject only to the four judicially discretionary exceptions provided for therein. (See Bellacosa, Supplementary Practice Commentaries, 1975, supra.)
Defense counsel on oral argument and in her brief contends that both she and the defendant are in a "catch 22” situation, "trapped between the Scylla of being sentenced in vacuuo and the Charybdis of violating a trust” of confidentiality. However, under the third exception provided for in CPL 390.50 (subd 2) the court may, in its sole discretion veil the source of any information which has been obtained on a promise of confidentiality (emphasis supplied). It is the "source” of the confidential information, rather than the information itself which is thus concealed. While the court recognizes that in some instances revealing the information may be tantamount to revealing the source, this decision is clearly within the court’s province and should be left to the court’s discretion as provided by the statute.
The court rejects defendant’s further assertion that the reciprocal right of the prosecutor to examine the presentence report and the defendant’s presentence memorandum is conditioned upon the defendant, or his attorney, actually viewing the presentence report, and that if the defendant or counsel *168 declines to view the presentence report the prosecutor is preempted from viewing the defendant’s sentence memorandum. The relevant language of the statute requires only that the presentence report be "made available” for examination by counsel or the defendant. (In any event, counsel concedes that she has seen the presentence report prepared by the Probation Department.)
Similarly, the court finds little merit in the District Attorney’s contention that, unlike a presentence report prepared by a probation department, in a nonadversarial context, the defendant’s presentence memorandum is prepared and submitted by an adversary in an adversarial context, and as such its entire contents should be discoverable by, and disclosed to, the prosecutor without any discretion in the court to limit such disclosure.
Borrowing in part from the language of Judge Wachtler, in People v Perry (36 NY2d 114, 119, supra) "Whether sentencing is conducted in a fundamentally fair manner in accordance with the constitutional limitations does not depend on the disclosure of the presentence report [or defendant’s memorandum]. There is nothing talismanic about the report itself. The key is whether the defendant [or prosecutor] has been afforded an opportunity to refute those * * * factors which may have * * * influenced the court.” This can be adequately accomplished within the provisions of CPL 390.50 (subd 2) and CPL 400.10.
Simply stated, the logical, rational and inevitable corollary to the enactment of the disclosure statute is that the imposition of sentence must in the main be based upon the presentence report, the defendant’s memoranda and conference, if any, together with whatever statements may be made at the time of sentence; it may no longer be based upon any ex parte, in camera information.
Such determination is buttressed by the fact that in a case such as the one before us where the sentence is to be in excess of 90 days "a copy of the pre-sentence report [together with] a copy of any pre-sentence memorandum filed by the defendant * * * must be delivered to the person in charge of the correctional facility” (CPL 390.60; emphasis supplied). Notwithstanding this statutory mandate, defendant contends that the court may totally seal defendant’s presentence memorandum and make it inaccessible to the correctional authorities. Counsel suggests that a rigid, literal reading of the statute could *169 require patently false or improper matter to be transmitted as well. This claim is without foundation. Logic indicates that CPL 390.60 and the disclosure requirement and exemptions of CPL 390.50 (subd 2) must be read together, and that the court in the exercise of its discretion can, under the appropriate circumstances as provided for therein, except from disclosure a part or parts of the report or memoranda to be delivered to the correctional facility.
Therefore, taking all of these factors into consideration, it is the considered judgment of this court that both as a matter of law, fundamental fairness, and propriety, this court may not, in its imposition of sentence, consider facts brought to its attention so preconditioned, and as a consequence, such presentence memorandum must, if submitted, be without conditions of secrecy attached and with the understanding that the prosecutor and the various departments of correction and probation will be allowed access thereto subject only to the exercise of the court’s discretion to exempt from disclosure as provided for by statute.