OPINION OF THE COURT
Sheldon Levy, J.
Although there is no statutory basis for the prosecution to submit a presentence memorandum, should one be accepted by the court if offered, and, if so, under what conditions? No prior reported case has addressed the problem, and this determination is, accordingly, one of apparent first impression.
After a three-month trial encompassing a complicated fact pattern; the introduction of a myriad of exhibits and testimony concerning systematic criminality in the apartment referral agency industry; and proofs fairly demonstrating the cheating of thousands of consumer customers out of advance fee payments, the defendants were each convicted of the crimes of scheme to defraud in the first degree (a felony) and conspiracy in the fifth degree (a misdemeanor). Thereafter, a date for sentence was fixed *1059 and, a week before the date, the District Attorney’s office delivered to this court an 11-page, written memorandum relative to the sentence to be imposed. A copy of this memorandum was also served on counsel for each defendant. One day before the sentence date, defendant Gregorio submitted a written memorandum of his own, allegedly only because of and in response to the People’s memorandum. The court accepted both documents and considered them as a part of its presentence deliberations.
Initially, it is clear that there is no direct authority in either the statutes or the case law of this State which would support a submission by the People to the court as of right of a written presentence memorandum.
Furthermore, it is equally plain that any unauthorized, ex parte communication by a prosecuting attorney to a Judge is a violation of the Code of Professional Responsibility (see DR 7-1110, EC 7-35). Certainly, with respect to a sentence, to permit a People’s representative to contact a court without the knowledge or consent of a defendant is not only unethical, but fundamentally unfair. The key to proper sentencing procedures “is whether the defendant has been afforded an opportunity to refute those aggravating factors” which may negatively influence the court. (People v Perry, 36 NY2d 114, 119.) If a defendant is unaware of a written memorandum submitted to the court by the prosecutor — a communication obviously compiled in an adversarial context — that defendant assuredly cannot contest any questionable assertions, cannot correct any erroneous claims and cannot attempt to minimize any harmful contentions.
Accordingly, a court should neither accept nor consider any unauthorized, ex parte memorandum, report, letter or communication from the prosecution regarding sentence or any other subject.
A defendant, on the other hand, in the interests of complete fairness and justice, is under no such constraints and is statutorily afforded full opportunity, and, indeed, is encouraged, to communicate ex parte with the sentencing court by way of a written memorandum (CPL 390.40). Moreover, the scope of such a memorandum is almost *1060 unlimited and can contain any information that the defendant deems pertinent to the question of sentence, including a life history, physical and mental examination reports and supporting written statements by third parties (CPL 390.30, 390.40). In point of fact, CPL 390.40 actually codified the" prior common practice of a defendant providing to the court presentence a variety of written information, including letters from friends, relatives and employers, which might prove or aid in presenting mitigating circumstances or favorable character traits for leniency consideration.
In addition, there is no requirement that the defendant notify the People or serve them with copies of any such letters, reports, documents or other written material submitted to the court. The defendant need not even furnish to the prosecution a copy of the statutorily sanctioned written memorandum, although such a document cannot be provided to the court predicated only on the condition that it be kept strictly confidential (see People v Washington, 93 Misc 2d 164). However, if the court itself finds any discrepancy between the defendant’s submissions and other papers in its possession — such as the presentence Probation Department report — or wishes further information concerning any aspect of the submitted writings, it can summon the parties to a presentence conference at which some or all of the defendant’s submitted memorandum may be revealed and discussed (CPL 400.10).
Nevertheless, despite the bar to unauthorized, ex parte submissions, the People do have an absolute right to make a statement to the court with respect to any matter relevant to the question of sentence, but, by statute, only at the time that the sentence is to be imposed and before the defendant and his counsel address the court (CPL 380.50). This legislative pronouncement appears to set forth not only the precise time that the prosecution would make its remarks concerning sentence, but also, by plain implication, that such statement would be oral; in open court; and made before the defendant and his counsel would be heard. However, with respect to such a statutory enactment, it is clear that the Legislature was primarily concerned with providing the defendant — the one person with the most to *1061 lose by virtue of the sentencing process — with a proper platform from which to inform the court of potentially helpful information. The statute merely retained for the People their usual right to address the court at the time of sentence. Obviously, no legislative thought was given to the special case where the People might feel compelled to put their sentence proposals and the grounds therefor in written form for preliminary court perusal and consideration.
If the People have a right to provide an oral statement to the court with reference to sentence at the time thereof, why should they not be able to file preliminarily, with timely notice to the defendant, a written presentence statement? If the statutes permit a defendant to proffer a presentence memorandum at any time before sentence (CPL 390.40); allow the People to make a statement at the time that sentence is to be pronounced (CPL 380.50); and encourage the court to hold a presentence conference to resolve any factual disputes (CPL 400.10), it would appear both legal and logical for the court, in its sole discretion, to countenance a proper and authorized submission by the People of a written presentence memorandum.
Although there is obvious advantage for a defendant to present to the court a presentence memorandum (see Preiser, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, 390.40, pp 122-123), it is, in practice, almost never done. Letters from interested third parties may well be sent to the court, but seldom a formal, written document from or on behalf of the defendant. True, in a plea-bargained sentence, it is most often unnecessary. In other sentencing situations, resulting from ordinary pleas or convictions after trial, even where some benefit might be gained, apparently both defense counsel and client usually feel that the court will be fully familiar with any mitigating factors or that oral presentation at the time of sentencing will suffice.
Moreover, in the average case, no presentence conference is directed; and no presentence memorandum is offered by the People. In the vast majority of cases, an oral statement by the prosecution at sentence will likewise be more than sufficient. Nor should a court be persistently *1062 burdened by the People with extraneous or repetitive preliminary reading material, duplicative of presentence probation reports (see CPL 390.30) or of what will be heard at the time of actual sentence.
A presentence memorandum by the People, therefore, should be neither encouraged nor discouraged. It should merely be prescribed. Under the criteria to be set forth, a prosecutor’s presentence memorandum should normally be allowed in those cases where a lengthy oral statement by the People upon sentence can be avoided or condensed thereby. It should also be permitted where the nature of the case, the particular defendant involved, or the public interest in the subject matter justifies a more detailed and delineated recital of claimed aggravating or mitigating circumstances warranting the imposition, in the prosecutor’s view, of a more than usual severe or lenient sentence.
The basic ground rules of fairness and discretion for such a submission should be simple and to the point. If the People wish to serve a written presentence memorandum, they should first timely seek leave of the court to do so. Although the number of such requests will surely be comparatively small, the court should still be free to make a preliminary determination as to whether such a memorandum is needed at all and whether it will serve a definite purpose in the particular case.
Then, if allowance is granted, the memorandum should be served upon both the court and the defendant at least seven days before the date fixed for sentence. This will afford the court ample opportunity to review the material, to receive any responses from the defendant regarding the writing and to call the parties to a presentence conference, if necessary. In this respect, it is apparent that the presentence conference, already permitted by statute, can readily and properly encompass any required discussion concerning a presentence memorandum submitted either by the defendant, the prosecution or both (CPL 400.10, subd 1, par [b]; subd 3).
In addition, the required service period will guarantee that the defendant has an adequate chance to file a responsive written memorandum (or a supplementary memorandum, if one has already been submitted) or to request the *1063 court to convene a presentence conference to settle any contested facts or assertions.
Under these circumstances and with these safeguards, it is certain that no defendant can be prejudiced if a court sees fit, in a particular case, to permit the prosecution to file a presentence memorandum.
In actuality, preliminary knowledge of the People’s major arguments upon sentence would appear to be beneficial and a distinct advantage to any defendant. The defendant and his counsel will not be forced to respond immediately to unanticipated oral assertions and claims on the part of the prosecutor in the highly charged atmosphere of the sentencing process. The defense will have adequate time to marshal favorable data and to counter adverse contentions in written form, if desired, or, at least, orally at a later date. And the defendant will have a fair forum for input into the sentence determination rather than attempting, at the last minute, to alter a court’s predisposition toward a particular sentence.
In the instant case, permission of this court for the presentence memorandum submission was not initially sought by the District Attorney’s office. However, since the court was informed at the time of delivery that a copy of the written report was being served almost simultaneously upon counsel for both defendants, and since the timing thereof provided both defendants with ample opportunity to respond, the court decided to accept the proffered memorandum, especially in view of the unusual facts and the public interest involved. Under the circumstances, the People’s communication to. the court was neither ex parte nor unwarranted, and conformed, almost precisely, to the time specifications now set forth. One defendant even saw fit to answer in writing by way of a presentence memorandum of his own, which would not otherwise have been filed and which presented his contentions in a most favorable light. In fact, both memoranda were competently composed and proved to be informative and useful.
Accordingly, although a court must accept and consider any written presentence memorandum submitted by a defendant, as a matter of judicial discretion, common sense *1064 and simple justice, and under the constraints and conditions specified, a court may also accept and consider a written presentence memorandum submitted by the People.