THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BUTLER, Appellant.

Fourth Department, September 24, 1976

*Nathaniel A. Barrell (Henrietta Wolfgang* of counsel), for appellant.

*Edward C. Cosgrove, District Attorney (Judith Manzella* of counsel), for respondent.

GOLDMAN, J. Defendant appeals from judgments convicting him upon his plea of guilty of two counts of driving while intoxicated, as felonies, and sentencing him to concurrent indeterminate terms with maxima of three years. The pleas were entered in satisfaction of two accusatory instruments, an indictment and a superior court information which charged a total of five felony counts of driving while intoxicated.

Prior to sentencing, defense counsel requested an opportunity to examine the presentence report, pursuant to the then-recently-enacted CPL 390.50 (subd 2). The court denied the request, stating that it had declared the section unconstitutional in a memorandum issued earlier that morning in another case. Prior to imposing sentence, the court read aloud some of defendant's criminal history from the presentence report, including a conviction for robbery, two weapon charges and a reckless endangerment charge. The defendant did not contradict that recitation.

Appellant contends: (1) that CPL 390.50 (subd 2) is valid, so that County Court's refusal to comply with this section was an abuse of discretion as a matter of law; (2) that the denial of his request to examine the presentence report was tantamount to a denial of the effective assistance of counsel; and (3) that the sentence was unduly harsh and excessive.

CPL 390.50 (subd 2) (added by L 1975, ch 310, § 1, eff Sept. 1, 1975) provides: "2. Presentence report; disclosure; general principles. The presentence report or memorandum shall be made available by the court for examination by the defendant's attorney, or the defendant himself, if he has no attorney, in which event the prosecutor shall also be permitted to

examine the report or memoranda. In its discretion, the court may except from disclosure a part or parts of the report or memoranda which are not relevant to a proper sentence, or a diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which have been obtained on a promise of confidentiality, or any other portion thereof, disclosure of which would not be in the interest of justice. In all cases where a part or parts of the report or memoranda are not disclosed, the court shall state for the record that a part or parts of the report or memoranda have been excepted and the reasons for its action. The action of the court excepting information from disclosure shall be subject to appellate review."

Prior to the enactment of the quoted language, the Court of Appeals repeatedly has held that a defendant has no absolute right to disclosure of a presentence report. In *People v Peace* (18 NY2d 230, 237) the court declined to adopt a compulsory disclosure rule, concluding in these words:

"To require the court to permit examination and controversy over each part of a probation report would, in large part, defeat the very purpose of the report by extending the process to the point at which it is no longer a practical tool for the court's guidance in the exercise of its discretion.

"Upon the whole, it is preferable to allow a defendant's access to a probation report to remain a matter for the discretion of the trial court upon all the facts and circumstances of the particular case before it. In the end, a rule requiring compulsory disclosure might work more to a defendant's prejudice than to his benefit."

Subsequently in *People v Michael O.* (22 NY2d 831-832), the court held that there was no abuse of discretion, as a matter of law, in the sentencing court's denial of defendant's motion for disclosure of presentence reports, but the court in the following language invited the Legislature to consider the problem:

"However, there may be occasional situations in which disclosure, in whole or in part, may be harmless or even desirable without a showing of compelling necessity, in which case the discretion of the sentencing court should be exercised favorably. Moreover, in the light of recent developments and thinking in this area legislative attention to the problem would be very appropriate (see, e.g., American Bar Association, Standards Relating to Sentencing Alternatives and Pro-

cedures [Tent. Draft, Amer. Bar Assn. Project on Minimum Standards for Criminal Justice], § 4.4, subd. [b], pp. 214-224 and materials cited; President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society, p. 145, and Task Force Report: The Courts, p. 20; Model Penal Code, § 7.07, subd. [5])."

Finally, in *People v Perry* (36 NY2d 114, 120), decided just six and one-half months prior to the effective date of the CPL amendment here at issue, the court held that refusal to disclose presentence reports did not violate the defendant's rights to due process, confrontation and the effective assistance of counsel. The court noted the availability of other means to assure that the sentencing court was fairly informed —particularly the right of allocution (CPL 380.50), the right of the defendant to submit a presentence memorandum (CPL 390.40), and the provision for presentence conferences to resolve discrepancies (CPL 400.10). In the following language, however, the court invited the freer exercise of discretion to disclose presentence reports (p 120):

.."While fundamental fairness and indeed the appearance of fairness, may best be accomplished by disclosure of presentence reports, certain material which is confidential, destructive of rehabilitation, or inconsequential may properly be withheld. Aside from such material, it is expected that sentencing courts will make increasing use of their discretion to disclose presentencing reports.

"Moreover, we recognize that in certain instances, denial of disclosure might constitute an abuse of discretion. This is particularly true where no legitimate public interest is advanced by nondisclosure."

Against this background the People do not contend that CPL 390.50 (subd 2) is unconstitutional,[1] but only that the phrase "shall be made available" should be interpreted as "permissive rather than mandatory". We disagree. The most plausible reading of the statute is that disclosure is mandatory, subject to certain discretionary exceptions. Moreover, to

---

1. As noted earlier, County Court did take the position that the statute was unconstitutional. Although cases cited by County Court *(Williams v New York,* 337 US 241; *People v Peace,* 18 NY2d 230, *supra)* are consistent with the proposition that a defendant is not constitutionally entitled to disclosure of a presentence report, that is not to say that the Legislature is constitutionally forbidden to require such disclosure. County Court's position seems to hinge on nothing more than its adamant conviction that the enactment of the statute was ill-advised and "unwarranted".

insure the responsible exercise of that discretion, a record statement of reasons for nondisclosure is required and appellate review is made available. We therefore conclude that the statute obliges a sentencing court either to disclose the presentence report on request or else to set forth substantial reasons for not doing so, having specific reference to the particular case. Here the trial court did neither.

The violation of statute notwithstanding, respondent urges that denial of disclosure was not an abuse of discretion in this case. Discretion is abused, argues respondent, only "where no legitimate public interest is advanced by nondisclosure". Respondent identifies two public interests in not requiring "mandatory" disclosure—namely, "the preservation of access to confidential information" and "the prevention of long collateral disputes concerning the contents of the report". However, County Court made no finding that any confidential source would be jeopardized, nor any untoward dispute caused, by disclosure here. Thus, assuming *arguendo* that those reasons would otherwise be acceptable, their applicability to this case is speculative. Moreover, the court in *People v Perry* (36 NY2d 114, *supra)* strongly intimated that "a uniform policy of nondisclosure" amounts to an abuse of discretion as a matter of law (p 121). It appears that the County Court announced such a "uniform policy" by taking the position that presentence reports are "sacrosanct" and by refusing absolutely and totally to abide by the statute. Accordingly, we conclude that the court abused its discretion when it refused either to disclose the report or to set forth reasons, having specific reference to the particular case, for its refusal to disclose.

In view of our determination we need not reach appellant's second contention, which is that the denial of disclosure of the presentence report was tantamount to a denial of the effective assistance of counsel at the sentencing stage. In any event, that contention was rejected in *People v Perry* (pp 119-120, *supra).*

The failure to comply with CPL 390.50 (subd 2) requires vacating appellant's sentence and remitting the matter to County Court for resentencing. Prior to resentencing, the trial court should make all or parts of the presentence report available to defendant, excepting such part or parts as the court deems it may properly refuse under the statute. Pursuant to the statute "the court shall state for the record that a

part or parts of the report or memoranda have been excepted and the reasons for its action".

The judgments of conviction insofar as they impose sentences should be reversed.

MARSH, P.J., MAHONEY, DILLON and WITMER, JJ., concur.

Judgments insofar as they impose sentences unanimously reversed on the law and matter remitted to Erie County Court for resentence in accordance with opinion by GOLDMAN, J., and otherwise affirmed.