■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL ROGERS, Appellant.—Decision reserved and case adjourned for supplemental briefing and reargument in accordance with the following memorandum: Defendant appeals from a judgment convicting him on his plea of guilty of robbery, third degree, and sentencing him to an indeterminate term not to exceed seven years. Before imposing sentence the court, pursuant to CPL 390.50 (subd 2), made available to defendant's attorney for his personal

examination the presentence report prepared by the Erie County Probation Department, and also had a copy of the "Legal History" therein delivered personally to defendant for his own use, and at sentencing invited him to advise the court whether it contained any error. Defendant filed notice of appeal from the judgment of conviction, and on the appeal is represented by a different attorney. In the course of preparing his brief on the appeal defendant's new attorney made application to the sentencing Judge for permission to examine the presentence report. Because the attorney demonstrated no special circumstance to justify such examination, the court, relying on *People v Peace* (18 NY2d 230), denied the application. The court noted that the application was not made to prepare defendant and his counsel for allocution upon the sentencing, "but to seek out for the purposes of casting into a controversy to be first raised ex parte upon appeal, to which the sentencing judge will be given no opportunity to answer, some claim or fact appearing in the report which may be ballooned by argument to abuse of discretion by the sentencing judge"; and that the appellate court will have available the presentence report for consideration upon the appeal, "without 'controversy over each part of a probation report'" *(People v Peace, supra, p 237)*. The court concluded that since before sentencing defendant had the opportunity of calling to the court's attention any error in the presentence report and of supplementing it, there exists no appealable issue with respect to it; and since "[d]isclosure of the presentence report has been once made", in the absence of special showing, the application should be and was denied. Defendant did not file a notice of appeal from the above "decision and order" entered by the sentencing court seven months after the sentence from which appeal had been duly taken; but in his brief defendant argues as one ground for reversal the fact of the subsequent denial to his appellate counsel of the right to examine the presentence report. Counsel for defendant and the People have fully briefed and argued the point on this appeal. In *People v Butler* (54 AD2d 56, 60) we have held that it is an abuse of discretion for the sentencing court to fail "either to disclose the [presentence] report or to set forth reasons, having specific reference to the particular case, for its refusal to disclose". In this case the sentencing court completely complied with that rule and without withholding any part of the presentence report submitted it to defendant's counsel for examination before sentencing. The only issue now presented is whether defendant's different appellate counsel may also examine such presentence report for the purposes of this appeal. If the purpose of CPL 390.50 (subd 2) were only to give defendant an opportunity to correct facts set forth in the presentence report, then there would be no reason for permitting appellate counsel to examine it, unless the appeal were from an order denying a motion to vacate the sentence and for resentence because of failure by defendant to make a needed correction in the report. However, we view the purpose of that statute to be broader than that, and hold that it contemplates that appellate counsel shall have the right to review the presentence report for the purposes of presenting to the court on appeal his arguments concerning the nature and extent of the sentence. Since the sentencing court determined that there was no need to withhold from defendant's counsel any part of the presentence report, and released it to his counsel before sentencing, it became a part of the record in this case, although not a public record, for use by defendant's counsel and, in the event of an appeal, for use by his counsel on appeal. We hold, therefore, that appellate counsel is entitled to examine the report in the course of preparing his brief on the appeal from the judgment of conviction. Accord-

ingly, this appeal is held, and it is directed that the presentence report be made available to defendant's appellate counsel for the preparation of his brief and argument on the appeal, and that the appeal be rescheduled for argument before this court. (Appeal from judgment of Erie Supreme Court—robbery, third degree.) Present: Marsh, P. J., Mahoney, Goldman, and Witmer, JJ.