■ NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant, v MORRIS GOLDFELD, Individually and Doing Business as GOLDFELD REALTY & RENTALS, Respondent. PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, v MORRIS GOLDFELD, Individually and Doing Business as GOLDFELD REALTY & RENTALS, Respondent.—Order unanimously affirmed, with costs. Memorandum: Plaintiffs, New York Property Insurance Underwriting Association and Public Service Mutual Insurance Company, brought these actions for restitution by the defendant, Morris Goldfeld, for payments made to him arising out of specified fire losses which occurred in properties owned by the defendant. He has been convicted of the crimes of arson and conspiracy to commit arson and has appealed those convictions. Plaintiffs appeal from the denial of their motion for summary judgment which Special Term ordered "without prejudice to renewal after termination of the pending criminal appeals". Upon argument counsel for plaintiffs contended that if they were required to wait until the completion of the defendant's appeal, the delay would give defendant an opportunity to dissipate his substantial real property assets and would frustrate plaintiffs' effort to secure the return of the money which they paid to him prior to his convictions. Defendant's counsel stated unequivocally that plaintiffs were fully protected, for they had secured the appointment of a receiver of all of defendant's assets. We requested and have received a stipulation from the attorneys for the parties confirming that a receiver was appointed on August 13, 1976 of all of defendant's real and personal property assets and that the receiver is still acting in that capacity. In the circumstances we believe that Special Term properly exercised its discretion in denying plaintiffs' motion without prejudice. It is, therefore, unnecessary to reach any other question. (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAYFORD L. PEARSON, Respondent.—Appeal held and matter remitted to Supreme Court, Erie County, for consideration of defendant's appellate counsel's request for permission to examine the presentence report, in accordance with the following memorandum: The District Attorney concedes that in light of *People v Rogers* (54 AD2d 616) defendant's appellate counsel is entitled to examine the presentence report. The concession implies that the facts in this case are the same as in *Rogers* where, in the discretion of the sentencing court, all of the presentence report had been released for defendant's counsel to examine at sentencing. If that occurred in this case, *People v Rogers (supra)* applies, and the presentence report should be released to defendant's appellate counsel for the purpose of preparing his brief on the appeal from the judgment of conviction and for argument. In case all of the presentence report was not released to defendant's sentencing counsel, or if none of it was so released, the procedure outlined in *People v Butler* (54 AD2d 56) should be followed, to permit the sentencing court to exercise his discretion under CPL 390.50 (subd 2). Thereafter application may be made to restore the case to the calendar of this court for reargument. (Appeal from judgment of Erie Supreme Court—criminal possession controlled substance, third degree, etc.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.