■ In the Matter of the LEGAL AID BUREAU OF BUFFALO, INC., Petitioner, v LEON N. ARMER, as Judge of the Court of Claims Assigned to the Supreme Court, Respondent.—Petition unanimously granted, without costs, in accordance with the following memorandum: This article 78 proceeding in the nature of mandamus seeks to compel the respondent (sentencing Judge) to release presentence reports of James Russell and Pedro Legall for examination by appellate counsel and for use on a Parole Board hearing respectively. In declining the requests the sentencing court said, "I lost jurisdiction when the defendant was taken into the custody of the Department of Corrections." Nothing contained within CPL 390.50 divests the sentencing Judge of jurisdiction to execute an order permitting defendant's attorney to examine those portions of presentence reports reviewed at time of sentence. Disclosure is mandatory subject to certain discretionary exceptions *(People v Butler,* 54 AD2d 56). The sentencing Judge, familiar with the report and with whatever parts thereof redacted, if any, is the proper court to entertain these applications *(People v Rogers,* 54 AD2d 616). Mandamus is an appropriate remedy where there is a clear legal right *(Matter of State of New York v King,* 36 NY2d 59). Petitioner has a clear legal right to review the presentence reports for the purpose of preparing briefs and for use before the Parole Board (CPL 390.50, subd 2). It would be counterproductive to remit these matters to the sentencing court for consideration of the requests to examine the presentence reports after an appeal has been perfected *(People v Pearson,* 55 AD2d 1032). (Art 78.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.

■ In the Matter of GARY FOXLUGER et al., Appellants, v IRENE GOSSIN et al., Respondents.—Motion to settle record on resubmission of appeal granted. Present—Cardamone, J. P., Simons, Hancock, Jr., and Schnepp, JJ. [Order entered Feb. 8, 1980.]