◼ In the Matter of HERBERT THOMAS, Appellant, v CHARLES C. SCULLY, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent to furnish the petitioner with a copy of his presentence report, the petitioner appeals from a judgment of the Supreme Court, Dutchess

County (Jiudice, J.), dated June 4, 1985, which, after a hearing, dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, without costs or disbursements.

This is a proceeding by a State prison inmate pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, the Superintendent of the correctional facility at which he is confined, to furnish him with a copy of the presentence report submitted to the court which imposed the sentence which he is now serving.

CPL 390.50 (2) (a) provides that not less than one day prior to sentencing, the court which is to impose sentence shall make the presentence report available to the defendant or his counsel for inspection and copying, and it further provides that the court may, in its discretion: "except from disclosure a part or parts of the report or memoranda which are not relevant to a proper sentence, or a diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which have been obtained on a promise of confidentiality, or any other portion thereof, disclosure of which would not be in the interest of justice".

CPL 390.60 requires that when a defendant is sentenced to a term of imprisonment, a copy of the presentence report be delivered to the person in charge of the correctional facility at which he is confined. The petitioner requested that the Superintendent provide him with a copy of the report but the latter never acted on his request. This CPLR article 78 proceeding in the nature of mandamus resulted and it was opposed by the Superintendent on the ground that the report is confidential unless the sentencing court authorizes its release. The Supreme Court dismissed the proceeding, holding that the petitioner was "relegated to the discretion" of the sentencing court.

We affirm.

CPL 390.50 (3) provides that where a copy of a presentence report has been made available to a State agency having custody of the person who is the subject of the report, it must retain that report "under the same conditions of confidentiality as apply to the Probation Department that made it available." CPL 390.50 (1) provides that presentence reports held by a Probation Department are confidential and "may not be made available to any person * * * except where specifically required or permitted by statute or upon specific authorization of the court." Since the petitioner has cited no specific statu-

tory authority for disclosure of the report to him by the respondent, he can only obtain such disclosure "upon specific authorization of *the court*" (CPL 390.50 [1] [emphasis added]; *cf., People v Zavaro,* 126 Misc 2d 237).

We hold that the words "the court" as used in CPL 390.50 mean the court which imposed the sentence. Any other holding could result in conflicting decisions as to which portions of the report should be disclosed and which redacted. Judicial economy and the avoidance of such conflicting decisions as to disclosure dictate that a postsentencing application by a prison inmate for disclosure of his presentence report should be made, by a simple motion, directly to the court which imposed the sentence and not to some other court in the place of his confinement through the mechanism of a CPLR article 78 proceeding against prison authorities. Mollen, P. J., Brown, Weinstein, Eiber and Harwood, JJ., concur.