■ LARRY HOLMES, Appellant, v STATE OF NEW YORK, Respondent.—Mercure, J.

On November 16, 1982, while an inmate at Clinton Correctional Facility, claimant was involved in a fight with another inmate, Antonio Davila. Claimant alleges that he was struck on the head and left ear by Davila and has since suffered from headaches, earaches, dizziness and a continuous buzzing sound in his left ear. Claimant subsequently filed a claim in the Court of Claims seeking damages of $70,000,000, alleging that the State was negligent in permitting Davila, whom claimant characterizes as a "known mental patient", to enter the general prison population.

In the course of prosecution of the claim, claimant sought, *inter alia,* all of Davila's medical, disciplinary, criminal, social, psychological and psychiatric records. The State provided claimant with all of Davila's medical and disciplinary records but withheld materials relating to his social, psychological and psychiatric background on the ground that, as part of Davila's presentence report, they were confidential pursuant to CPL

390.50 (1). Claimant subsequently moved for an order compelling production of the confidential material. The Court of Claims denied the motion and, following trial, dismissed the claim. This appeal ensued.

The only argument advanced by claimant on appeal is that the Court of Claims erred in denying his motion to compel discovery of the material contained in Davila's presentence report. Claimant contends that the report might have revealed Davila's violent disposition and was thus "material and necessary" (see, CPLR 3101 [a]) and that he has been prevented from prevailing in his negligence claim because of the nondisclosure.

We disagree and, accordingly, affirm. Initially, CPL 390.50 (1) provides: "Any pre-sentence report * * * submitted to the court * * * is confidential and may not be made available to any person * * * except where specifically required or permitted by statute or upon specific authorization of *the court*" (emphasis supplied). The court, as stated therein, means the sentencing court (see, *Matter of Thomas v Scully*, 131 AD2d 488; *Matter of Legal Aid Bur. v Armer*, 74 AD2d 737). No other court is statutorily authorized to permit disclosure of this highly confidential material, and the Court of Claims correctly denied the motion on that basis. Additionally, even if the Court of Claims was legally empowered to release the confidential material to claimant, it acted within its discretion in denying the motion since claimant made no showing that the material was necessary to the prosecution of the action, that efforts were made to obtain the desired information by other means and that it was unavailable (see, *Leef v Evers*, 88 Misc 2d 178; *see also, United States v Charmer Indus.*, 711 F2d 1164).

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.