OPINION OF THE COURT
Eve Preminger, J.
On February 29,1984 defendant was sentenced by this court to a term of 6 to 18 years upon his conviction, after trial, of manslaughter in the first degree. In September 1989 defendant’s application for parole release was denied by the Parole Board, and he may not reapply until September 1991.
By letter dated December 19, 1989 defendant’s attorney requested that the Probation Department be directed to provide to the attorney a copy of defendant’s presentence report. Said request was granted by order dated January 24, 1990. The Probation Department now moves for reconsideration and vacatur of that order.
The confidentiality of presentence reports is governed by CPL 390.50, which provides that the report "may not be made *1051 available to any person or public or private agency except where specifically required or permitted by statute or upon specific authorization of the court.” (CPL 390.50 [1] [eff May 22, 1984].) Subsequent to the sentencing of the instant defendant, CPL 390.50 (2) was amended to allow a defendant to examine and copy his presentence report in connection with any appeal. The Probation Department argues that since this defendant is not specifically entitled to a copy of the report under CPL 390.50 (2) (or any other statute), the report may not be released in connection with a parole review hearing.
Probation Department’s reliance upon Matter of Salamone v Monroe County Dept. of Probation (136 AD2d 967 [4th Dept 1988]) is misplaced. Salamone involved the release of presentence reports from a defendant’s prior juvenile, PINS and youthful offender proceedings in a new, separate criminal proceeding. The court declined to order disclosure of the prior presentence reports, citing "the cloak of confidentiality accorded presentence reports prepared for use in Family Court and youthful offender matters.” (Matter of Salamone v Monroe County Dept. of Probation, supra.)
No such cloak of confidentiality exists here. Indeed, the Appellate Division, Fourth Department, has ordered the disclosure of a presentence report for use at a Parole Board hearing prior to the statutory change (Matter of Legal Aid Bur. v Armer, 74 AD2d 737 [4th Dept 1980]). Nothing in the 1984 amendment to CPL 390.50 requires a different result.
This court, as the court which sentenced defendant, may authorize disclosure of his presentence report under appropriate circumstances. (See, Holmes v State of New York, 140 AD2d 854 [3d Dept 1988]; Matter of Thomas v Scully, 131 AD2d 488 [2d Dept 1987]; CPL 390.50 [1].) Disclosure to this defendant is clearly appropriate, since the presentence report may have been considered by the Parole Board in its denial of defendant’s application for parole release (see, Executive Law § 259-a).
Accordingly, Probation Department’s motion for reconsideration of this court’s January 24, 1990 order is granted, upon reconsideration, the court adheres to its original determination and denies the motion to vacate the order. A copy of defendant’s presentence report shall be provided to defendant’s counsel within five days of service of a copy of this order upon the Department of Probation.