OPINION OF THE COURT
Philip C. Segal, J.
In the present proceeding respondent Elizabeth L. is *747 charged with neglecting her four infant children based on allegations that, among other things, she repeatedly abuses cocaine, codeine, morphine and heroin, and is not participating in a drug rehabilitation program.
At the fact-finding hearing, the Child Welfare Administration (petitioner herein) served a judicial subpoena duces tecum on the New York City Department of Probation to obtain a presentence probation report prepared for use in a recent criminal prosecution against respondent in Supreme Court, in which she was convicted of attempted criminal possession of a controlled substance in the third degree. Specifically, the Child Welfare Administration is attempting to secure admissions of drug usage allegedly made by respondent to her investigating probation officer as evidence in support of its neglect petition in Family Court.
The Department of Probation now moves to quash this subpoena on the grounds that presentence reports are confidential by statute (CPL 390.50) and that the Family Court is without jurisdiction to order their release. In opposition to this motion, the Child Welfare Administration maintains that, in these circumstances, respondent’s presentence report is subject to subpoena — and enforcement thereof in Family Court — under Family Court Act § 1038, which generally requires public agencies to produce relevant evidence in connection with the trial of any child neglect and abuse proceeding. For the reasons set forth below, the motion to quash is granted.
Presentence probation reports are "highly confidential”. (Holmes v State of New York, 140 AD2d 854, 855 [3d Dept 1988].) By statute, they can only be released if (i) specific statutory authority exists which requires or permits such disclosure, or (ii) the court otherwise authorizes their release. (CPL 390.50.)
Specific statutory exceptions exist, which require disclosure of presentence reports, including: disclosure to counsel in the criminal action for which the report was prepared (CPL 390.50 [2]); and disclosure to the head of the correctional facility to which a defendant is committed (CPL 390.60). Here, the Child Welfare Administration has failed to set forth any statutory exception that would justify disclosure; and, no statutory exception specifically permits release of the presentence probation report in a collateral civil proceeding. (Matter of Salamone v Monroe County Dept. of Probation, 136 AD2d 967 [4th Dept 1988].)
*748 Family Court Act § 1038 does not require an opposite result. That section imposes a general obligation on public agencies to cooperate in the disclosure of evidence in Family Court relevant to child neglect or abuse. The language of Family Court Act § 1038 does not refer specifically to presentence probation reports (or information gathered in connection with their preparation). In light of the statutory premise that such reports are highly confidential, Family Court Act § 1038 cannot justify disclosure of respondent’s presentence report in this case. (Cf., Matter of Sonya M. v Joan M., 115 Misc 2d 207 [Fam Ct 1982].)
With regard to court-ordered disclosure of the report, a review of existing precedent establishes that it is not warranted here. First, only the sentencing courts have been recognized as having statutory authority to order disclosure. (Holmes v State of New York, 140 AD2d 854 [3d Dept 1988], supra; Matter of Salamone v Monroe County Dept. of Probation, 136 AD2d 967 [4th Dept 1988], supra; Matter of Thomas v Scully, 131 AD2d 488 [2d Dept 1987].) Judicial economy and the avoidance of conflicting decisions as to the disclosure of particular reports dictate this conclusion. (Supra, at 490.) Second, disclosure would be denied on this récord even if the Family Court were empowered to consider the issue, because the Child Welfare Administration has not demonstrated that efforts to obtain evidence of respondent’s alleged drug abuse from other sources were unavailing. (Holmes v State of New York, 140 AD2d, supra, at 855.)
In view of the above, the motion to quash is granted.