■ In the Matter of ALFRED C. BLANCHE, Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, Respondent. [598 NYS2d 102] —Appeal from an order of the County Court of Washington County (Berke, J.), entered June 19, 1992, which denied petitioner's application pursuant to CPL 390.50 for a copy of his presentence report.

Petitioner commenced this proceeding pursuant to CPL 390.50 seeking a copy of the presentence report prepared in connection with a prior criminal action against him (see, People v Blanche, 152 AD2d 770, lv denied 74 NY2d 894). County Court denied the request and this appeal followed.

We affirm. Initially, we note that petitioner is not entitled to a copy of the report under CPL 390.50 (2) (a). That section requires the court to make a presentence report available to a defendant not less than one day prior to sentencing or in connection with any appeal of the defendant's criminal case. Here, petitioner never objected when he was not given the report prior to sentencing and he never requested it in connection with his appeal of the criminal matter. He therefore cannot obtain a copy of the report under that section (see generally, People v De Torres, 96 AD2d 609). Petitioner's request is instead governed by the provisions of CPL 390.50 (1). That section provides that a presentence report "is confidential and may not be made available to any person * * * except where specifically required or permitted by statute or upon specific authorization of the court". Because petitioner has cited no specific statutory authority for disclosure, he can only

obtain a copy of his presentence report upon County Court's specific authorization. Under the circumstances of this case, we find no error in the court's rejection of petitioner's request. Petitioner simply failed to make any factual showing sufficient to warrant the disclosure of the report to him. We also note that to the extent that *Matter of Salamone v Monroe County Dept. of Probation* (136 AD2d 967) stands for the proposition that CPL 390.50 (1) does not permit disclosure of such a report in a collateral proceeding, we decline to follow it.

Weiss, P. J., Mikoll, Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.