■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CHARLES WRIGHT, Appellant. [614 NYS2d 732] —Appeal from the order, Supreme Court, New York County (George Roberts, J.), entered May 12, 1993, denying appellant's motion compelling the New York City Department of Probation, pursuant to CPL 390.50, to disclose his presentence report prepared with respect to his judgment of conviction for assault in the first degree and sentence thereupon, rendered June 24, 1980, unanimously dismissed, *sua sponte.*

The IAS Court denied appellant's motion, pursuant to CPL 390.50 (2) (a), seeking access to his presentence report for use in connection with his administrative appeal from an adverse ruling by the Parole Board. Despite the fact that leave to appeal from this order was granted by a Justice of this Court, the Court lacks jurisdiction to entertain the appeal. In criminal cases, the right to appeal is purely statutory *(People v Taylor,* 99 AD2d 820), and no appeal lies, either as of right or by permission, from an order denying a defendant's request to obtain a copy of his probation report. *(See,* CPL 450.10; 450.15.) Accordingly, the appeal should be dismissed, *sua sponte.* While CPL 390.50 (2) (a) provides, in pertinent part, "The pre-sentence report shall be made available by the court for examination and copying in connection with any appeal in the case, including an appeal under this subdivision", we do not interpret the "appeal under this subdivision" to refer to an administrative appeal from a Parole Board ruling. That language can only refer to an appeal from the judgment of conviction in which an issue with respect to CPL 390.50 (2) (a) is raised.

Nevertheless, since appellant has a clear legal right to review the presentence reports for use before the Parole Board *(Matter of Legal Aid Bur. v Armer,* 74 AD2d 737) and, contrary to the IAS Court's interpretation, a showing of relevance is not required, the court should have made the report available. Concur—Sullivan, J. P., Carro, Wallach, Rubin and Williams, JJ.