OPINION OF THE COURT
David D. Egan, J.
In a case of apparent first impression this sentenced defendant moves for correction of the Probation Department’s presentence report utilized by the court at the time of sentencing. The defendant alleges that the presentence report erred in reporting that defendant had an alias of Jay Rivera and that he had a blood alcohol content of .22 at the time of the arrest.
The defendant was convicted of several felonies and lesser matters after a trial by jury. A presentence investigation was ordered, pursuant to CPL 390.20 (1). The presentence report was received by the court and available to the defendant as *73 required by CPL 390.50 (2) (a). Neither the defendant nor the prosecutor filed with the court a written presentence memorandum as allowed by CPL 390.40 (1). The prosecutor, defendant’s attorney and the defendant were given an opportunity to speak or make statements at the time of sentence as required by CPL 380.50.
The defendant now seeks relief which was available prior to sentencing under CPL 400.10. At no time prior to sentencing or at the time of sentencing did the defense raise issues concerning corrections to or modification of the presentence report.
The court finds as a matter of law that defendant must raise issues of errors or discrepancies in the presentence report before the court imposes sentence. (See, CPL 400.10; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 400.10, at 253.)
The defendant will be given ample opportunity to call the alleged report errors to the attention of the Parole Board. Any alleged errors in the report would not have affected the sentence imposed on the defendant.
Accordingly, the defendant’s motion to correct alleged errors in the Probation Department’s presentence report is denied.