■ In the Matter of ROBERT ALLEN, Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, Respondent. [663 NYS2d 455] —Yesawich Jr., J. Appeal from an order of the County Court of Washington County (Berke, J.), entered January 28, 1997, which denied petitioner's application pursuant to CPL 390.50 for a copy of his presentence report.

In 1992, petitioner was convicted after trial of the crimes of sexual abuse in the first degree, sexual abuse in the second degree (two counts), rape in the second degree, incest and endangering the welfare of a child (two counts). Following a series of appeals, his conviction was ultimately affirmed by this Court (*see, People v Allen*, 220 AD2d 791). In October 1996, petitioner's application for parole release was denied and he was ordered to reappear before the Parole Board in October 1998. Prior to completing his administrative appeal of the Board's decision, petitioner commenced this proceeding pursuant to CPL 390.50 seeking a copy of the presentence report prepared in his criminal case which he contends was utilized by the Board in denying his request for parole. County Court denied his application and petitioner appeals.

A presentence report "is confidential and may not be made available to any person or public or private agency except where specifically required or permitted by statute or upon specific authorization of the court" (CPL 390.50 [1]). Petitioner has failed to cite to any statutory provision or other authority which would entitle him to a copy of the report (*see, Matter of Blanche v People*, 193 AD2d 991, 991-992). Petitioner's reliance

upon CPL 390.50 (2) (a), which entitles him to access to the report "in connection with any appeal in the case, including an appeal under this subdivision", is misplaced, for this provision is inapplicable to administrative appeals of Parole Board decisions (*see, id.; compare, People v Wright*, 206 AD2d 337, 338, *lv denied* 84 NY2d 873). To the extent that *People v Bonizio* (147 Misc 2d 1050) holds otherwise, we disagree. There being no indication in the record that the Board considered the presentence report in rendering its decision, County Court did not err in denying petitioner's request.

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.