■ In the Matter of BENJAMIN KILGORE, Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, Respondent. [710 NYS2d 690] —Peters, J. Appeal from an order of the County Court of Tompkins County (Barrett, J.), entered July 12, 1999, which denied petitioner's application pursuant to CPL 390.50 for a copy of his presentence report.

Petitioner, a prison inmate, made this application to obtain a copy of the presentence report prepared in connection with a prior criminal action against him. County Court summarily denied his application and petitioner appeals.

We affirm. CPL 390.50 (1) provides that a presentence report "is confidential and may not be made available to any person * * * except where specifically required or permitted by statute or upon specific authorization of the court" (*see, Matter of Allen v People*, 243 AD2d 1039; *Matter of Blanche v People*, 193 AD2d 991). In the absence of a statutory provision so entitling petitioner to a copy thereof, he may be permitted to obtain it "upon a proper factual showing for the need thereof" (*Matter of Shader v People*, 233 AD2d 717). Petitioner failed to meet this standard. His bare assertion, without more, that he required the presentence report in order to properly prepare for an appearance before the Board of Parole is insufficient to constitute such a showing. At the very least, petitioner must demonstrate that he has been given notice of an impending hearing before the Board of Parole.

Subsequent to the return date of the original motion, petitioner provided additional information to County Court contending that errors in the presentence report contributed to the creation of an incorrect Department of Correctional Services Program and Assessment summary which had adversely affected his programing and security classification during his period of confinement. Notwithstanding this additional articulation of a ground for disclosure, petitioner's proffer remained insufficient, in our view, to constitute a proper factual foundation upon which an order for disclosure should be grounded.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.