OPINION OF THE COURT
John M. Leventhal, J.
On January 12, 1993, the Supreme Court, Kings County, sentenced the defendant to 10 years to life after the defendant was convicted of criminal possession of a weapon in the third degree. Defendant, pro se, now moves this court, pursuant to CPL 390.50 (2), for an order permitting him to obtain a copy of the presentence report prepared under Kings County indictment No. 401/92. The defendant asserts that he seeks the *592 report to prepare for his Parole Board appearance. The court in deciding this motion considered the defendant’s motion and the affirmation submitted by counsel for the Department of Probation. The Department of Probation does not oppose this application.
A defendant has no constitutional right to obtain a copy of the presentence report (People v Peace, 18 NY2d 230). Pursuant to CPL 390.50 (1) a presentence report is “confidential and may not be made available to any person * * * except where specifically required or permitted by statute or upon specific authorization of the court.” Prior to 1975, there was no statutory right to obtain a copy of the probation report (People v Peace, supra). However, a court did have the discretion to reveal the contents of a presentence report to a defendant at sentencing (id., at 237; People v Perry, 36 NY2d 114, 119; People v Michael O., 22 NY2d 831).
In 1975, the Criminal Procedure Law was amended to add CPL 390.50 (2), which provides that the sentencing court shall make the presentence report available to the defendant for review or copying one day prior to sentencing. The purpose of this statute is to afford a defendant the opportunity at sentencing to contest any information in the probation report. (People v Rogers, 54 AD2d 616, 617; People v Ferrara, 91 Misc 2d 450, 452.) Challenges to the contents of the presentence report must be raised before sentencing. (Matter of Sciaraffo v New York City Dept. of Probation, 248 AD2d 477; Matter of Salahuddin v Mitchell, 232 AD2d 903, 904; Matter of Gayle v Lewis, 212 AD2d 919, 920.)
A defendant also has a statutory right to a copy of the presentence report for purposes of appeal (CPL 390.50 [2]; Matter of Legal Aid Bur. v Armer, 74 AD2d 737; People v Rogers, supra, 54 AD2d, at 617) and for use before the Parole Board (CPL 390.50 [3]; People v Wright, 206 AD2d 337, 338). Although a sentencing court may disclose a presentence report to a defendant for use before a Parole Board, the Third Department has recently held that a defendant must make a factual showing of need for the report. Although the court did not specify what would constitute a factual showing of need, the court did clarify that a defendant must demonstrate at least that he has been notified of an upcoming Parole Board hearing. (Matter of Kilgore v People, 274 AD2d 636.)
Defendant cites People v Bonizio (147 Misc 2d 1050) and Matter of Legal Aid Bur. v Armer (74 AD2d 737, supra) for the *593 proposition that he is entitled to a copy of the report. In Bonizio, the court held that a defendant was entitled to a copy of his presentence report after an application for parole release was denied by the Parole Board. The Bonizio court relied on Matter of Legal Aid Bur. in which the Fourth Department ordered disclosure of a presentence report for use at a Parole Board hearing. However, Bonizio has been expressly rejected by the Third Department in Matter of Allen v People (243 AD2d 1039). The Allen Court disagreed with the Bonizio decision and held that an inmate was not entitled to a copy of the presentence report after his application for parole was denied.
In the present case, defendant merely states that he will be appearing shortly before the Parole Board. He does not state that he has been notified of an upcoming Parole Board hearing. Defendant does not make out a factual showing of need for the report.
Accordingly, the defendant’s motion to obtain a copy of the presentence report prepared is denied without prejudice to renew upon submission of proof that defendant has been notified of an upcoming hearing.