*386 OPINION OF THE COURT
Lester B. Abler, J.
Defendant, by notice of motion and accompanying affidavit dated August 21, 2003, has made an application to the court for the production of his presentence report pursuant to CPL 390.50. The motion was transferred to this court due to the unavailability of the Honorable Peter Leavitt by reason of his retirement from the bench.
The defendant seeks access to his presentence report for use in the preparation of an administrative appeal of the Parole Board’s decision denying him discretionary release. In the response papers, the Attorney General aptly points out the lack of consensus among the Departments regarding an individual’s right to disclosure of a presentence report, and invites this court to choose between the varying schools of thought.[1]
The Fourth Department has interpreted CPL 390.50 (2) as bestowing upon a defendant a “clear legal right” to review presentence reports for the purpose of preparing briefs and for use before the Parole Board (Matter of Legal Aid Bur. of Buffalo v Armer, 74 AD2d 737, 737 [1980]). This view appears to be shared by the First Department (see People v Wright, 206 AD2d 337, 338 [1994], lv denied 84 NY2d 873 [1994]). Although the Appellate Division failed to reach the merits of the defendant’s motion,[2] in its dicta the court acknowledged a “clear legal right” to review a presentence report for use before the Parole Board, citing to the Fourth Department’s decision in Matter of Legal Aid Bur. (id.). The Court further opined that, since such a right exists, no showing of relevancy is required (id.).
The First Department’s reasoning appears, at least to this court, to be incongruous with the Fourth Department’s ruling. In Wright, the First Department specifically stated, albeit in dicta, that the language “appeal under this subdivision” contained in CPL 390.50 (2) could not be interpreted to include an appeal from a Parole Board ruling (id. at 338). It is difficult, therefore, to discern from whence this “clear legal right” arises. The Wright court relies on the decision in Matter of Legal Aid Bur. in support of the right of disclosure; however, the Fourth *387 Department’s holding was premised upon the existence of a statutory right conferred by CPL 390.50 (2), the existence of which was rejected by the First Department.
In contrast, both the Second and Third Departments have held that no statutory right exists for the disclosure of presentence reports and that such disclosure can only be obtained “upon specific authorization of the court” pursuant to CPL 390.50 (1) (Matter of Thomas v Scully, 131 AD2d 488, 489-490 [1987]; Matter of Blanche v People, 193 AD2d 991, 991-992 [1993]; Matter of Hoyle v People, 274 AD2d 633 [2000]; Matter of Kilgore v People, 274 AD2d 636 [2000]).
A review of the relevant case law reveals that it is well settled in the Third Department that in the absence of a statutory right to disclosure, CPL 390.50 (1) “permits disclosure of a presentence report in collateral proceedings upon a proper factual showing for the need thereof’ (Matter of Shader v People, 233 AD2d 717, 717 [1996]; Matter of Kilgore, 274 AD2d at 636; Matter of Hoyle, 274 AD2d at 633). While it is clear that the Second Department does not recognize a statutory right to disclosure in collateral proceedings, an exhaustive search of relevant case law has failed to produce any decisions in which the Court discusses the standard to be applied by a court when reviewing a motion for authorization of disclosure. In the absence of any controlling authority,[3] this court finds the decisions from the Third Department persuasive on this issue.
Application of the requirement for a factual showing would seem a logical extension of the Second Department’s holding requiring court authorization for disclosure in connection with collateral proceedings. However, it is less clear what constitutes a proper factual showing. In Matter of Shader, decided by the Third Department in 1996, the Court held that since a presentence report is one of the factors the Parole Board is required to consider upon an application for release pursuant to Executive Law § 259-i (1) (a) and (2) (c), the defendant had met his burden (Matter of Shader, 233 AD2d at 717). Only one year later, the Court adopted a more stringent standard which requires “[some] indication in the record” that the Parole Board actually considered the presentence report in rendering its decision (Matter of Allen v People, 243 AD2d 1039, 1040 [1997]). There ap *388 pears to be a trend in that Department to require a more significant showing of need prior to disclosure of a presentence report in connection with the preparation of an appeal of a Parole Board decision.
Any attempt to reconcile the disparity among the respective Departments is not feasible under the current state of the law. This court, relying on the holding of the Second Department in Matter of Thomas v Scully, finds that no statutory right to disclosure exists in collateral proceedings and disclosure can only be obtained through court authorization (see also CPL 390.50 [1]). The court is further persuaded by the case law in the Third Department that such disclosure should only be granted upon a factual showing of need therefor (Matter of Shader, 233 AD2d at 717; Matter of Kilgore, 274 AD2d at 636; Matter of Hoyle, 274 AD2d at 633).
The question then becomes what constitutes a proper factual showing in the context of an appeal from an adverse Parole Board determination. While it is true that a presentence report is one of the statutory factors which the Parole Board must consider upon an application for discretionary release, to hold that this fact, standing alone, triggers the right to disclosure would appear to abrogate the requirement of a factual showing of need for access to the report. A fair balance between maintaining the confidentiality of presentence reports and an individual’s bona fide need for access to such a report would seem to suggest that there must be at least some indication in the record before the court from which a logical inference may be drawn that the Parole Board actually relied on information contained in the presentence report.
Applying these principles to the facts and circumstances of the present case, the defendant states in his moving papers that he seeks disclosure of the presentence report in connection with an appeal of an adverse determination of the Parole Board. A review of the decision indicates that the Parole Board relied upon the facts and circumstances surrounding the commission of the crime and defendant’s arrest which provided the basis, in large part, for the denial of discretionary parole. It can be inferred from the detailed facts recited in the decision that this information was contained in the presentence report. Therefore, it is the holding of this court that the defendant has met his burden of making a proper factual showing of his need for disclosure of the presentence report in a collateral proceeding. However, even though a factual showing has been made, the de *389 fendant is not automatically entitled to an unredacted copy, as such reports consist of confidential material which may be appropriately withheld from disclosure (Matter of Shader, 233 AD2d at 717).
To the extent defendant moves to challenge the accuracy of the presentence report, such challenges must be raised before sentencing (Matter of Hughes v New York City Dept, of Probation, 281 AD2d 229 [2001]; Matter of Antonucci v Nelson, 298 AD2d 388, 389 [2002]; Matter of Sciaraffo v New York City Dept, of Probation, 248 AD2d 477 [1998]; Matter of Salahuddin v Mitchell, 232 AD2d 903, 904 [1996]; Matter of Salerno v Murphy, 292 AD2d 837, 837-838 [2002]; People v Banchs-Rivera, 168 Misc 2d 72, 73 [1996]).
The Probation Department is directed to provide a copy of the presentence report to defendant for the purpose of preparing an administrative appeal. The Probation Department is further directed to redact any confidential material which may be appropriately withheld from disclosure including, but not limited to, names, addresses and telephone numbers.

. Controlling authority establishes that there is no constitutional right to a copy of a presentence report (People v Peace, 18 NY2d 230 [1966]).

. The Appellate Division dismissed defendant’s appeal on the ground that no appeal lies, either of right or by permission, from the denial of a motion for the disclosure of a presentence report.

. At least one lower court in the Second Department has addressed this issue (People v Tatta, 2001 NY Slip Op 40407[U] [2001]). To the extent that the court in Tatta followed the holdings in Armer and Wright, this court respectfully disagrees.