People v Peetz (2004 NY Slip Op 24216)

People v Peetz

2004 NY Slip Op 24216 [4 Misc 3d 597]

June 7, 2004

Supreme Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 15, 2004

[*1]
The People of the State of New York, Plaintiff,
v
Eugene Peetz, Defendant.
Supreme Court, Queens County, June 7, 2004

APPEARANCES OF COUNSEL

Eugene Peetz, defendant pro se. Pamela S. Goldfeder for New York City Department of Probation.

{**4 Misc 3d at 597} OPINION OF THE COURT

Seymour Rotker, J.
By motion dated May 14, 2004, defendant seeks an order of the {**4 Misc 3d at 598}court to obtain a copy of the presentence report pursuant to CPL 390.50 so that he can obtain the information the prison officials are using for: "(i) security classification; (ii) necessity of rehabilitation programs; (iii) eligibility for the rehabilitative programs; and (iv) used by the Parole Board." Specifically, defendant seeks a copy of the report to "ensure its overall accuracy so that I may endeavor to correct any existing discrepancies or clarify any misinformation's therein."
In response, the New York City Department of Probation has submitted an affirmation dated May 25, 2004, whereby they take no position related to the release of the presentence report; however, they oppose any application by defendant to contest the accuracy of items contained in such report as untimely.
For the reasons stated herein, defendant's motion for release of the presentence report is granted with certain limitations. Defendant's motion to amend or attempt to correct the report upon receipt is denied as untimely.

Facts

On February 15, 1995, a four-count indictment was filed with the court charging defendant with burglary in the second degree, criminal mischief in the fourth degree, criminal possession of stolen property in the fifth degree and petit larceny.[FN1] 

On or about September 25, 1998, defendant pleaded guilty to attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant was sentenced as a persistent violent felony offender on or about February 28, 2001, and received a sentence of from six years to life. At the time of his plea, defendant waived his right to appeal.

[*2]Decision

I. Release of Presentence Report

Criminal Procedure Law § 390.50 addresses disclosure of presentence reports. In general, subdivision (1) states that "except where specifically required or permitted by statute or upon specific authorization of the court," a report by the Probation Department in connection with a defendant's sentence is confidential. There is no constitutional right to a copy of a presentence report. (See People v Peace, 18 NY2d 230 [1966].) There is {**4 Misc 3d at 599}no statutory right to disclosure of a presentence report under the circumstances presented here. (See People v Delatorre, 2 Misc 3d 385 [Westchester County Ct 2003].)[FN2]

Here, CPL 390.50 (1) is controlling regarding the release of defendant's presentence report. Therefore, release of the report to defendant is discretionary by the court pursuant to statute.[FN3] 

Defendant must make a factual showing sufficient to warrant the disclosure of the report to him. (See People v Delatorre, supra at 388.) Under appropriate circumstances, a court may authorize disclosure of a defendant's presentence report to the defendant. Disclosure to a defendant has been held appropriate where the report may have been considered by the Parole Board in denying parole release to a defendant. (See People v Tatta, 2001 NY Slip Op 40407[U] [Sup Ct, NY County 2001], citing People v Wright, 206 AD2d 337 [1st Dept 1994], lv denied 84 NY2d 873 [1994]; see also Matter of Legal Aid Bur. v Armer, 74 AD2d 737, 737 [4th Dept 1980] [defendant has "clear legal right to review pre-sentence reports for the purpose of preparing briefs and for use before the Parole Board"]; People v Bonizio, 147 Misc 2d 1050 [Sup Ct, NY County 1990].)
[*3]
In Bonizio (supra), the appellate court held that the lower court acted within its authority by permitting the defendant to obtain a copy of the presentence report because the report may have been the basis of the Parole Board's denial of the defendant's parole application. Notably, under Executive Law § {**4 Misc 3d at 600}259-i (1) (a) and (2) (c), a presentence report is one of the factors the Parole Board is required to consider upon an application for release of a defendant.[FN4]

As part of the factual showing to support his position that he is entitled to obtain a copy of his presentence report, defendant asserts that he was denied parole in 2001 and again in 2003. In addition, defendant claims that the report has also been relied upon to determine his security classification in a medium security correctional facility and his eligibility and necessity for rehabilitative programs. Thus, this court finds that after redaction by the Department of Probation of any and all confidential materials, including, but not limited to, names, addresses, and telephone numbers, defendant may obtain a copy of the report.[FN5]

Because defendant will ultimately be appearing again before the Parole Board and will be entitled to a copy of the report at that time, the court exercises its discretion and finds that the defendant has established sufficient facts to warrant disclosure of a copy of the presentence report and disclosure is thus granted in the interests of justice and in the interest of judicial economy. (See People v Tatta, supra.)

II. Alleged Corrections or Amendments to Presentence Report

At the time of his sentence, defendant did not challenge the accuracy of the presentence report. Challenges to the contents of the presentence report must be raised before sentencing. (See Matter of Antonucci v Nelson, 298 AD2d 388 [2d Dept 2002] [Supreme Court properly denied defendant's attempt to expunge allegedly inaccurate information in presentence report; thus, challenges untimely and should have been raised before sentencing court]; see also Matter of Sciaraffo v New York City Dept. of Probation, 248 AD2d 477 [2d Dept 1998]; Matter of Salahuddin v Mitchell, 232 AD2d 903 [3d Dept 1996]; Matter of Gayle v Lewis, 212 AD2d 919 [3d Dept 1995].){**4 Misc 3d at 601}
Accordingly, defendant's motion is granted in part and denied in part. The defendant's motion for the release of his presentence report is granted to the extent that the Department of [*4]Probation is directed to redact any and all confidential materials, including, but not limited to, names, addresses, and telephone numbers and to send a copy of the redacted report to defendant.

Footnotes

Footnote 1: On September 11, 1995 the Honorable Randall Eng, Queens County Supreme Court, permitted an amendment to the indictment to reflect defendant's true name, Eugene Peetz.

Footnote 2: Nevertheless, CPL 390.50 (2) (a) gives a defendant a right to a copy of a presentence report; however, this section is not controlling here. CPL 390.50 (2) (a) provides: "Not less than one court day prior to sentencing, unless such time requirement is waived by the parties, the pre-sentence report or memorandum shall be made available by the court for examination and for copying by the defendant's attorney, the defendant himself, if he has no attorney, and the prosecutor." The purpose of the statute is to give a defendant an opportunity to contest any information in the probation report at sentencing. (See People v Harris, 187 Misc 2d 591 [Sup Ct, NY County 2001].)
Furthermore, a statutory right also exists for a defendant to obtain a copy of the presentence report for purposes of appeal, which again does not apply here. (See CPL 390.50 [2] [a].) Moreover, the court does have the discretion to limit disclosure of certain portions of the report, unless necessary for appellate review. (See CPL 390.50 [2] [a].)

Footnote 3: Here, no appeal was filed by defendant, thus, release of the report is not mandatory by statute under CPL 390.50 (2). Defendant's bare assertion that "during sentence in the matter defense counsel neither challenged nor received a copy of the PSR" is unsupported and does not address the issue of defendant's current request. Defendant has not claimed that he requested a copy of the report and that this request was denied. (See also Matter of Blanche v People, 193 AD2d 991 [3d Dept 1993].)

Footnote 4: Some courts have held that this alone is insufficient to warrant release of a presentence report and apply a standard requiring "some indication in the record" that the Board actually considered the report when rendering its decision. (See e.g. Matter of Allen v People, 243 AD2d 1039 [3d Dept 1997].) Therefore, the requirement for release may be moving toward an even more stringent standard.

Footnote 5: Even if defendant makes a factual showing sufficient, in this court's view, to release of the report, defendant is not entitled to an unredacted copy of the report since portions may contain confidential information. (See Matter of Shader v People, 233 AD2d 717 [3d Dept 1996]; see also Matter of Kilgore v People, 274 AD2d 636 [3d Dept 2000]; Matter of Hoyle v People, 274 AD2d 633 [3d Dept 2000].)