■ In the Matter of GEORGE ROGNER, Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, Respondent. [916 NYS2d 531]—

Garry, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered September 3, 2009, which denied petitioner's application pursuant to CPL 390.50 for a copy of his presentence report.

Petitioner, a prison inmate, was denied parole in 2009. Shortly thereafter, in connection with an administrative appeal from that decision, petitioner applied for a copy of the presentence report prepared during the criminal action against him. County Court concluded that the Board of Parole did not rely on the presentence report in reaching its determination and denied petitioner's application. Petitioner appeals.

We reverse. "CPL 390.50 (1) permits disclosure of a presentence report in collateral proceedings upon a proper factual showing for the need thereof" (*Matter of Shader v People*, 233 AD2d 717, 717 [1996]). Petitioner's presentence report was one of the factors the Board was required to consider upon his application for release (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]; *Matter of Davis v People*, 52 AD3d 997 [2008]; *Matter of Gutkaiss v People* , 49 AD3d 979, 979-980 [2008]). Contrary to the conclusion reached by County Court, our review of the Board's decision convinces us that it did so (*compare Matter of Allen v People*, 243 AD2d 1039, 1040 [1997]).* Accordingly, petitioner has demonstrated entitlement to a copy of the report,

---

* While not applicable to this determination, the statute has been recently amended and now specifically authorizes the provision of a redacted copy of a presentence report to a defendant for use before the Board or to appeal a Board determination (*see* CPL 390.50 [2], as amended by L 2010, ch 56, part OO, § 5 [eff July 22, 2010]).

after in camera review and any redaction deemed appropriate by County Court (*see Matter of Gutkaiss v People*, 49 AD3d at 980; *Matter of Shader v People*, 233 AD2d at 717).

Peters, J.P., Lahtinen and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.