People v Young (2018 NY Slip Op 04596)





People v Young


2018 NY Slip Op 04596


Decided on June 21, 2018


Appellate Division, Third Department


Devine, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

107558

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ERIC S. YOUNG, Appellant.

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.


Devine, J.

Appeal from an order of the County Court of Saratoga County (Catena, J.), entered April 13, 2015, which granted a motion by the People for limited disclosure of a presentence investigation report pursuant to CPL 390.50.
Defendant pleaded guilty to attempted criminal possession of a weapon in the third degree in Saratoga County, and a presentence investigation report (hereinafter PSI) was prepared for County Court prior to his 2006 sentencing. Several years later, an indictment was handed up in Schenectady County charging defendant with various offenses. The Schenectady County District Attorney believed that the PSI contained information relevant to the new criminal action and, as a result, applied to County Court for the limited disclosure and use of the PSI. County Court granted that request, prompting this appeal by defendant.
"No appeal lies from a determination made in a criminal proceeding [or action] unless specifically provided for by statute" (People v Hernandez, 98 NY2d 8, 10 [2002] [citation omitted]; see CPL art 450; People v Smith, 27 NY3d 643, 647 [2016]). The Saratoga County District Attorney appears on this appeal to argue that the appeal has been taken from an order issued in a criminal action and that, due to the lack of statutory authority, it must be dismissed. Under the facts of this case, we agree.
CPL 390.50 (1) provides for the confidentiality of a PSI, but permits disclosure "to any [*2]person or public or private agency . . . upon specific authorization of the [sentencing] court" (see People v Fishel, 128 AD3d 15, 18 [2015]; Holmes v State of New York, 140 AD2d 854, 855 [1988]). The criminal action that produced the PSI "terminate[d] with the imposition of sentence," making the present application to County Court a new proceeding or action of some sort (CPL 1.20 [16]). The nature of that proceeding is not defined by CPL 390.50 and, inasmuch as "County Court is vested with both criminal and civil jurisdiction," it need not be criminal in nature (People v Hoppe, 239 AD2d 777, 777 [1997]; see NY Const, art VI, § 11 [a]; Matter of Abrams [John Anonymous], 62 NY2d 183, 190 [1984]). Indeed, we have entertained appeals from orders seeking disclosure of a PSI in connection with collateral administrative matters, such as applications for inmate programs and appearances before the Board of Parole (see e.g. Matter of Rogner v People, 81 AD3d 1092, 1092 [2011]; Matter of Davis v People, 52 AD3d 997, 997 [2008]; Matter of Campney v People, 279 AD2d 882, 882 [2001]; Matter of Kilgore v People, 274 AD2d 636, 636-637 [2000]; Matter of Allen v People, 243 AD2d 1039, 1039-1040 [1997]), as well as civil actions (see Holmes v State of New York, 140 AD2d at 855)[FN1]. It is accordingly incumbent upon us to "'look[] to the true nature of [the] proceeding [or action] and to the relief sought in order' to determine whether the proceeding [or action] is a special civil [matter] giving rise to an appealable order or, instead, a criminal proceeding [or action] for which an appeal must be statutorily authorized" (Matter of 381 Search Warrants Directed to Facebook, Inc. [New York County Dist. Attorney's Off.], 29 NY3d 231, 245 [2017], quoting Matter of Abrams [John Anonymous], 62 NY2d at 191; see Matter of Hynes v Karassik, 47 NY2d 659, 661 n 1 [1979]).
In that regard, the Schenectady County District Attorney's Office applied for disclosure of the PSI with the aim of using it in a pending criminal action against defendant. The application therefore "relate[s] to a prospective, pending or completed criminal action" so as to constitute a criminal matter, and statutory authorization is required to appeal from any order emanating from it (CPL 1.20 [18] [b]). No such authorization can be found in CPL 450.10 or 450.15 and, thus, the present appeal must be dismissed (see People v Brunner, 274 AD2d 977, 977 [2000]; People v Wosu, 256 AD2d 1247, 1248 [4th Dept 1998]).
As a final matter, defendant was convicted of various offenses in the Schenectady County matter. The order issued by County Court, even though it came from a court different from the one of conviction, could nevertheless "properly be considered as a part of the record of [*3]the case by an appellate court upon an appeal from [the] judgment of conviction" therein (CPL 1.20 [16] [b]). Defendant is free, as a result, to attack the propriety of County Court's order upon his direct appeal from the judgment of conviction in Schenectady County (see CPL 450.10 [1]).
Garry, P.J., McCarthy, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed.



Footnotes

Footnote 1:The First Department dismissed an appeal from an order denying a defendant's application for disclosure of a PSI in connection with matters before the Board of Parole, but that application was improperly made pursuant to a separate provision that addressed access to the PSI in the criminal action for which it was prepared and, at the time, made no mention of parole matters (see People v Wright, 206 AD2d 337, 338 [1994], lv denied 84 NY2d 873 [1994]; see also CPL 390.50 [2] [former (a)]; L 2010, ch 56, part OO, § 5; Matter of Rogner v People, 81 AD3d at 1092 n). To the extent that People v Wright (supra) stands for the proposition that an appeal will never lie from an order addressing a CPL 390.50 (1) application made in connection with collateral administrative or civil matters, we do not agree with it (see Matter of Allen v People, 243 AD2d at 1039-1040; Matter of Blanche v People, 193 AD2d 991, 992 [1993]).